DALLAS RAILWAY & TERMINAL COMPANY, YELLOW CAB CORPORATION, v. W. S. PRICE ET UX.

No. 7157. Decided March 30, 1938.
Rehearing overruled April 20, 1938.
(114 S. W., 2d Series, 859.)

*Worsham, Burford, Ryburn & Hincks,* of Dallas, for Dallas Railway & Terminal Company, *Leachman & Gardere,* of Dallas, for Yellow Cab Corporation, both plaintiffs in error.

The definition of "accident" was of such a nature as to covert the issue of unavoidable accident into a mere general submission of negligence of the railway, without confining it to the matters involved under the evidence and pleading and in such a way as to unduly accentuate the theory that the railway company was negligent. It was error for the Court of Civil Appeals to hold the the definition of "unavoidable accident," as defined by the trial court, and as applied to the railway, was correct. Horton & Horton v. House, 29 S. W. (2d) 984; Stedman Fruit Co. v. Smith, 28 S. W. (2d) 622; Fort Worth & G. R. Ry. Co. v. Sageser, 18 S. W. (2d) 246.

*Mack L. Vickery, Carden, Starling, Carden & Hemphill, E. D. Hurt* and *James H. Martin,* all of Dallas, for defendants in error.

There is no occasion whatever, where, under the law, contributory negligence defeats a recovery, to make inquiry whether the plaintiff is with or without negligence with a view of determining whether there is an unavoidable accident. Ford Motor Co. v. Madden, 124 Texas 131, 76 S. W. (2d) 474; The Morning Light, 69 U. S. 550, 17 L. Ed. 863; 7 Cyc. 378.

MR. JUSTICE CRITZ delivered the opinion of the Court.

Mr. and Mrs. W. S. Price sued Dallas Railway & Terminal Co., Yellow Cab Corporation, and Anderson Furniture Co., all corporations, for damages for personal injuries received by Mrs. Price in a collision between a taxi cab belonging to the cab company, in which Mrs. Price was at the time riding as a passenger for hire, and a street car owned and operated by the railway company. Plaintiffs allege that the collision occurred as a result of certain acts of negligence on the part of the motorman operating the street car, and also as a result of certain

acts of negligence on the part of the driver of the taxi cab. The plaintiffs sought to hold the furniture company on the general principle of *respondeat superior*. In this regard, plaintiffs alleged that the furniture company was responsible for the negligence of the cab corporation because at the time of the accident Mrs. Price was riding in the taxi cab at the instance of the furniture company.

The trial court, very correctly, peremptorily instructed a verdict for the furniture company, for reasons fully set forth in the opinion of the Court of Civil Appeals.

The railway company and the cab company filed separate answers. By such answers both defendants alleged that Mrs. Price was guilty of certain acts of contributory negligence, which produced or contributed to produce the accident and her resultant injuries.

The case was submitted to the jury on numerous special issues. These issues submitted numerous questions as to the negligence of the railway company and of the cab corporation. Also, the charge submitted certain questions regarding the alleged contributory negligence of Mrs. Price. The jury convicted both these defendants of negligence, and found proximate cause and resultant damages. Also, the jury acquitted Mrs. Price of contributory negligence. We take it that there is evidence in the record that would have justified a finding that the collision happened without the fault of either the railway company or Mrs. Price. Also, it can be said that there is evidence in the record that would have justified a finding that the collision occurred without the fault of either Mrs. Price or the cab corporation.

With the record in the condition as above indicated, the trial court submitted the issue of unavoidable accident, as regards the railway company, by the following question:

"Do you find from a preponderance of the evidence that the collision between the street car and the automobile on the occasion in question was not an unavoidable accident as to the defendant, Dallas Railway & Terminal Company?"

In submitting the above issue of unavoidable accident, the charge defined such term as follows:

"In this connection you are charged that by the term 'unavoidable accident,' as used in the foregoing question No. 59, is meant an event which occurs without having been proximately caused by the negligence of the defendant, Dallas Railway and Terminal Company."

The issue of unavoidable accident as regards the cab company was also submitted by an identical question, and with the same definition as above indicated, except the name of the cab corporation was used in place of that of the railway company.

It will be noted that the definitions of unavoidable accident, which were given in connection with the issues above indicated, instruct the jury, in substance, that by the term "unavoidable accident" is meant an event which occurs without having been proximately caused by the negligence of the defendant. In other words, the definition as given confines the issue of unavoidable accident to an accident which occurs without the fault of the defendant alone. This was certainly an erroneous definition. An unavoidable accident "is one which is not occasioned in any degree, either directly or remotely, by want of such care or prudence as the law holds every man bound to exercise; and if the accident complained of could have been prevented by either party by use of means suggested by common prudence, it is not unavoidable." In other words, an unavoidable accident is one which happens without being caused by the negligence of either party. The definition in this instance should have, in effect, told the jury that by the term "unavoidable accident," as used in the question submitting the issue, is meant an event which occurs without having been proximately caused by the negligence of the defendant naming it, or of the plaintiff. Orange & N. W. R. Co. v. Harris, 127 Texas 13, 89 S. W. (2d) 973; Dallas Ry. & Term. Co. v. Garrison, (Com. App.) 45 S. W. (2d) 183; Dallas Ry. & Term. Co. v. Darden, (Com. App.) 38 S. W. (2d) 777; Magnolia Coca-Cola Bottling Co. v. Jordan, 124 Texas 347, 78 S. W. (2d) 944.

We think the opinion of the Court of Civil Appeals correctly disposes of the questions raised by the other assignments which are likely to occur on another trial.

The judgments of the Court of Civil Appeals and district court in favor of Anderson Furniture Company are affirmed. The judgment in favor of the Prices and against the railway company and the cab corporation is reversed, and as to such two defendants the cause is generally remanded to the district court for a new trial.

Opinion delivered March 30, 1938.

Rehearing overruled April 20, 1938.