**HANEY et al. v. TEXAS & N. O. R. CO.**

**No. 3008.**

Court of Civil Appeals of Texas. Beaumont.

Aug. 8, 1938.

Rehearing Denied Sept. 20, 1938.

E. B. Ward, of Corpus Christi, and Smith, Smith & Hall, of Edinburg, for plaintiffs in error.

Montgomery & Taylor, of Edinburg, for defendant in error.

COMBS, Justice.

This appeal was by writ of error but the parties will be referred to as appellants and appellee. It was perfected to the San Antonio Court of Civil Appeals and transferred to this court by orders of the Supreme Court. The action was by appellants, Conrad Haney and his father, J. S. Haney, against appellee for damages suffered by Conrad Haney in a collision between appellee's train and a truck in which he was riding, on the 3rd day of December, 1933, near the town of Edinburg, Hidalgo County. The truck was being driven at the time of the collision by Vollie Adair, and Conrad Haney was riding in the truck and, as found by the jury he was not on "a joint adventure". Conrad's damages were assessed by the jury at $8,000, and no damages were awarded in favor of J. S. Haney. Several acts of negligence were found in favor of plaintiff and against the defendant but judgment was entered in defendant's favor on the answers to the following questions answered as indicated:

"Issue No. 16.

"Do you find from a preponderance of the evidence that plaintiff Conrad Haney on the occasion in controversy did discover the approach of defendant's locomotive to the crossing in question in time sufficient to have avoided the collision in question by the use of all reasonable means at his command?"

To which the jury answered "No".

"Issue No. 17.

"Do you find from a preponderance of the evidence that such fact that Conrad Haney did not discover the approach of the defendant's locomotive to the crossing in question, as inquired about in Issue No. 16, constituted negligence, as that term has been hereinbefore defined, on the part of said Conrad Haney?"

To which the jury answered "Yes".

"Issue No. 17-A.

"Do you find from a preponderance of the evidence that such negligence, if any such you have found in response to the foregoing Issue No. 17, was a proximate cause, as that term is hereinbefore defined, of the collision in controversy?"

To which the jury answered "Yes".

It is our conclusion that an irreconcilable conflict exists between the answers to questions Nos. 16, 17, and 17-A and the answers to the following questions:

"Issue No. 14.

"Do you find from a preponderance of the evidence that the plaintiff Conrad Haney on the occasion in question and as he approached the crossing in question failed to keep a proper lookout for defendant Railroad crossing?"

To which the jury answered "Yes".

"Issue No. 14-A.

"Do you find from a preponderance of the evidence that such failure, if any such you have found in response to the foregoing Issue No. 14, was negligence, as that term has been hereinbefore defined, on the part of said Conrad Haney?"

To which the jury answered "No".

The jury also found by its answer to question 15 that Vollie Adair did not fail to keep a proper lookout for the crossing.

The only possible way, under the evidence in this case, by which appellant could have discovered appellee's train, as the truck approached the crossing, was by keeping "a proper lookout". By answers to questions 14 and 14-A, the jury found that appellant failed to keep a proper lookout, but that such failure was not negligence. A finding that he was not guilty of negligence in failing to keep "a proper lookout" conflicts with the finding that he was guilty of negligence in failing to discover the approach of the train.

The jury's finding that Conrad Haney was not guilty of negligence in failing to keep a proper lookout for the crossing was very probably based on a belief that Haney did not know that the truck in which he was riding was approaching a railroad crossing. He so testified. He had been riding in the truck for many hours on a trip of several hundred miles. He had been along that road and over the crossing in question only twice before. The acci-

dent occurred in the night time and a heavy fog prevailed. He was not driving the truck. Now, if Haney was justifiably ignorant of the fact that the truck was approaching a railroad crossing, then he could not have been negligent in failing to discover the approach of the train. A traveler unfamiliar with a locality and excusably ignorant that he is approaching a crossing is under no duty of keeping a lookout for trains. 35 Texas Jur. Sec. 335a, page 508; Texas & P. Ry. Co. v. Chapman, 57 Tex. 75. One is under no duty of guarding against a dangerous situation the existence of which he is justifiably ignorant of. Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302, affirming the holding of the Dallas Court of Civil Appeals reported in 59 S.W.2d 902.

The issues in this case have given us grave concern. Our judgment, previously entered without written opinion, affirming the judgment of the lower court is withdrawn, and now, for the reason stated herein, the judgment of the lower court against Conrad Haney is reversed and the cause remanded for a new trial; the judgment of the lower court against J. S. Haney is affirmed.