**NORRIS BROS., Inc., v. MATTINSON.**

**No. 14054.**

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1940.

Rehearing Denied Dec. 13, 1940.

Fay W. Prescott, Cantey, Hanger, Mc-Mahon, McKnight & Johnson, and J. A. Gooch, all of Fort Worth, for appellant.

Hamlin Smithdeal, of Dallas, and Clark & Stegall, of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff J. A. Mattinson sued defendant Norris Bros., Inc., for damages growing out of an automobile collision in which plaintiff claimed he was struck and injured by a car driven by the agent of defendant, while in the discharge of his employment.

The various acts of negligence charged to the driver and those claimed by defendant to be contributory negligence by plaintiff proximately causing the injury are disclosed by the issues submitted to the jury.

The trial court in his charge defined "ordinary care", "negligence", "proximate cause", "proper lookout", "unavoidable accident" and "preponderance of the evi-

dence". The jury found, (1) the collision was not an unavoidable accident, (2) immediately prior to the collision, Mackey (defendant's alleged agent) was operating his car at a greater rate of speed than 20 miles per hour, and that this was a proximate cause of the collision, (3) Mackey did not sound his horn immediately prior to the collision, and this was negligence and a proximate cause, (5) Mackey did not keep a proper lookout, his failure was negligence and a proximate cause, (7) Mackey did not discover plaintiff's perilous position in time to have avoided the collision by the exercise of ordinary care, (9) plaintiff did not fail to keep a proper lookout, (11) plaintiff did not dash out into the street suddenly, (14) plaintiff did not attempt to cross the street at a place other than at the end of a block designated for pedestrian traffic, (16) damages were assessed in favor of plaintiff for $15,612. Upon motion of plaintiff offering to remit all amounts in excess of $15,000, judgment was entered in his favor for that amount. Motion by defendant for new trial was overruled and it has perfected this appeal.

Defendant's first and second propositions are to the effect that the court should have instructed a verdict in its favor for the reason the evidence shows conclusively that plaintiff was guilty of negligence as a matter of law, which proximately caused his injury, in attempting to cross the street at a time when he had seen an automobile 400 feet away coming in his direction, and not having looked again in the direction of the on-coming car immediately prior to the time he was struck.

It is contended that in a former appeal of this case (Norris Bros., Inc. v. Mattinson, 118 S.W.2d 460) this court indicated that plaintiff was shown to have been guilty of negligence, as a matter of law, which proximately caused his injuries, in attempting to cross the street under the circumstances presented by the record of that trial.

Obviously this appeal will be determined by the evidence adduced upon the trial from which the appeal was prosecuted, and will not be determined by the record of the former appeal. The evidence in the record before us is decidedly different in many respects from what it was upon the former trial. A general summary of the evidence referable to plaintiff's acts immediately before he attempted to cross Hemphill Street to board a north bound bus, seems to be that he was standing on the curb at the junction of the west side of Hemphill and the south side of Fogg Streets, and saw the bus coming from the south; the bus was on the east side of Hemphill and he would have to cross that street to catch it; he signaled the driver and the bus stopped; he looked for the passing traffic; he saw two cars, one going north and one going south, passing immediately in front of him, waited for them to pass and then saw another car 400 feet away, coming south on Hemphill Street; he then attempted to cross the street to the bus and had gone about five steps or 15 feet out into the street where he was struck by the car which he had seen 400 feet to the north before starting across. He did not look north or south after starting across the street, but looked ahead of him toward the bus; persons who saw the accident and observed the situation immediately thereafter said plaintiff was attempting to cross at the corner of the block customarily used by pedestrians; although that street is considered as one carrying heavy traffic, there is no evidence that there was any other car in motion in that vicinity, than the two previously mentioned, the bus and the car that struck plaintiff. He was struck by a car belonging to Mr. Mackey, the alleged agent of defendant; the automobile drug or carried him about 50 feet before coming to a stop; the markings on the pavement made by the skidding tires began about 30 feet south of where plaintiff was struck and extended 20 or 21 feet; no signal was given by the driver; he said he did not see the plaintiff until too close to signal or miss him; other witnesses said the car did not slow down or change its course before the collision; that at the rate of speed plaintiff was walking, it was approximately four and a half seconds from the time he left the curb until he was struck; expert testimony was offered, showing that from a test made by a stop watch, a car traveling 20 miles per hour would require thirteen and two-fifths seconds to cover the distance from where defendant's car was when plaintiff started across the street to the point of the accident; that ten seconds would be required to cover the same distance while traveling 30 miles per hour; there was no evidence tending to show that plaintiff knew or believed that the car was traveling at a rate of speed in violation of law.

Assuredly the law requires of each and every person traveling upon or across public thoroughfares to keep a proper lookout for his own safety. That proper lookout is such one as a person of ordinary care would keep under the same or similar circumstances. Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696, writ refused. It is equally well settled that more care should be exercised under some conditions than others; to put it another way, what would be a proper lookout under one situation would not be under another. It does not present a fair test to say that if plaintiff had not attempted to cross the street when defendant's car was in sight 400 feet away, he would not have been hit by it; that is, if he had not attempted to cross the street he would not have been injured by that car. Nor is the test of care to be determined by a mathematical calculation in distances and seconds or even split seconds, but rather by what an ordinarily prudent person would do under similar circumstances. This has been many times determined by our courts to be one of fact for the jury. These fact issues may arise when under the circumstances a party may reasonably believe that a car, when seen, is at such a distance that he may safely cross its path. American Grocery Co. v. Abraham, Tex.Civ.App., 94 S.W.2d 1231, writ dismissed. If a pedestrian looks in all directions from which he should anticipate an approaching danger and sees none which a reasonably prudent person would fear, he may proceed, even though he has seen a vehicle which he had reason to believe was traveling at a lawful rate of speed, and that it would not molest him. Southern Motor Lines v. Creamer, Tex.Civ.App., 113 S.W.2d 624, writ dismissed; Galveston, H. & S. A. Ry. Co. v. Mallott, Tex.Civ.App., 6 S.W.2d 432, writ dismissed; Dollar Dodge Rent Service, Inc. v. McEwen, Tex.Civ.App., 273 S.W. 889, writ dismissed.

It is true that one having what is commonly known as the right of way at a given point may not rely solely upon that fact to the exclusion of all other duties enjoined upon him to exercise ordinary care for his own safety; but one situated as was plaintiff in the instant case did have the right of way at that point as against defendant; plaintiff was going east and Mackey was driving south and approaching plaintiff's left; plaintiff knew that it was the duty of defendant's driver to concede him the right of way, and could assume that the driver would slow down or pass behind him; the evidence shows that there was ample space for the defendant's car to have passed behind plaintiff, if the driver had chosen to do so. Schuhmacher Co. v. Bahn, Tex.Civ.App., 78 S.W.2d 205, writ dismissed; Moss v. Koetter, Tex.Civ.App., 249 S.W. 259, writ refused. However, we do not mean to be understood as holding that because one has the right of way that he is thereby relieved of further responsibility to continue to exercise ordinary care to keep a lookout for danger; but we have mentioned the foregoing conditions simply to illustrate the degree of care that an ordinarily prudent person would exercise under the circumstances; this may further be illustrated by two extreme conditions, one in crowded traffic and the other on a rural highway where one would travel perhaps for a mile or more and not see a vehicle. It has been held, and correctly so we think, that although a party had, in law, the right of way, yet he could utterly fail to keep a proper lookout and as a result be injured, and such a failure on his part would be negligence. Stehling v. Johnston, supra.

There was ample testimony offered upon the trial to raise the issue of whether or not plaintiff was guilty of negligence proximately causing the collision at the time he received his injuries. The jury resolved the issue in his favor. In such circumstances, it is the duty of this court to uphold the jury finding if to consider all testimony tending to support the verdict in its most favorable light, and to disregard all testimony to the contrary, reasonable minds may have reached the conclusion as did the jury. 17 Tex.Jur., sec. 410, p. 910. The refusal of the trial court to direct a verdict is in law presumed to be correct, until it is made to appear from the record that his ruling is wrong. American Grocery Co. v. Abraham, supra.

Defendant has cited several cases under these propositions in support of its contention that the court should have given a peremptory instruction in its favor. We have read them all and find most of them are cases in which a jury had found that a plaintiff was guilty of negligence and the opinions uphold the verdicts because there was evidence in the record to support them. All that was said in those cases could be

said in this one if the jury had resolved the facts against plaintiff, for the reason the evidence would have supported a verdict either way. Other cases cited are distinguishable from the one at bar, under the facts shown. No useful purpose could be attained by setting out these differences here. First and second propositions and the assignments of error to which they refer are overruled.

Third proposition challenges the court's charge relating to the amount plaintiff should recover; the issue and explanation given in connection with it read:

"Special Issue No. 16. Question: What amount of money, if any, do you find from a preponderance of the evidence, if paid now in cash, would reasonably compensate plaintiff for the injuries sustained by him on the occasion in question?

"In connection with your answer to the foregoing question you are instructed that you may take into consideration the following items of damages only: such physical pain and suffering as you may believe from the evidence plaintiff has sustained, if any, and will sustain in the future if any, such loss of earnings, if any, as you may believe from the evidence plaintiff has sustained and will sustain in the future, if any, and such physical impairment, if any, as you may believe plaintiff has sustained."

The objection made to the charge before it was given, and now brought forward by assignment of error, is that plaintiff is not confined by the charge to a recovery of such damages as were proximately caused by the negligence of defendant. We think the charge is wrong in the matters complained of and presents reversible error.

There were several acts of defendant's alleged agent which were charged by plaintiff to be negligence proximately causing his injuries on the "occasion in question". Some of them were found by the jury to be negligence proximately causing the collision. One of the acts registered by plaintiff in his pleadings and attempted to be proved was found by the jury not to have occurred. It will be observed that the court did not require the jury to find what amount would compensate plaintiff for the injuries sustained, which were proximately caused by the negligent acts of the driver of defendant's car. He could not recover for injuries resulting from anything on the "occasion in question" except for the negligent acts of the driver proximately resulting in the injury. The charge

as framed left the jury to assess damages for injuries sustained by plaintiff growing out of any and everything that happened on the occasion in question. The parties to the suit could only assume that the jury did not consider any improper event that happened at about the time of the collision. If the charge had limited them to a consideration only of the negligent acts of defendant proximately resulting in the injury, then a presumption would have arisen that the jury had followed the instructions of the court. Our jury system is far from perfect, but it is the best we have. Jurors are chosen from all walks of life and present a splendid cross-section of our citizenship. When jurors are accepted, litigants believe they will do their duty, as they see it. They are not versed in the niceties of legal phraseology, but without a guide or yardstick, they apply their own rugged honesty of purpose to do right. But the all-too-frequent occasions of "jury misconduct" is cropping out in an alarming number of cases appealed; this is apparent in both trials of the case at bar. In neither instance, however, can it be said that any juror did more than to consider matters not embraced within the court's charge. Trial courts can do no more than confine their inquiries to the issues made by the pleadings and evidence, and if in spite of these efforts the jury goes beyond, a new trial should be granted.

So far as we have been able to ascertain, the direct question presented here has seldom been before our appellate courts. Similar charges have often been given and as against the objections urged, have been permitted to stand. Unless fundamental error is presented, courts will only pass upon the questions presented by the parties. The charge in this case was not fundamentally erroneous. It did not specifically submit an improper ground of recovery, nor did it measure plaintiff's rights by an improper rule. City of Wichita Falls v. Phillips, Tex.Civ.App., 87 S.W.2d 544, writ dismissed; City of Beaumont v. Dougherty, Tex.Com.App., 9 S.W.2d 1030. In the case last cited the issue submitted read: "What amount of money, if paid now, would reasonably compensate plaintiff for his injuries, by reason of said accident, if any injuries he received?" The objection urged was: "Because said issue does not limit the jury to such injuries as were reasonably and necessarily incurred by plaintiff in said accident, if any, as a proximate result thereof." It was there held that the excep-

tion was too general and the court declined to reverse the judgment on the exception made. The plaintiff (appellee) cites a dozen or more similar cases but not one of them contained a similar objection and exception presented in the instant case.

In Finck Cigar Co. v. Campbell, Tex.Civ. App., 114 S.W.2d 348, the charge contained the provision contended for by defendant in this case. The appellant in that case contended before this court that the expression in the charge which limited the jury to a finding of damages proximately resulting from its negligent acts, if any, tended to apprise the jury of the effect of its previous answers of negligence and proximate cause. We held against the contention and approved the charge as correct. A writ of error was granted. We have consulted the petition made for writ of error and find that the point was presented to the Supreme Court. But in affirming the opinion of this court (134 Tex. 250, 133 S.W.2d 759), the issue was quoted and it was held that it did not inform the jury of the effect of their answers.

In Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772, writ dismissed, and Standard Paving Co. v. Pyle, Tex.Civ.App., 131 S.W.2d 200, this court held that it was necessary in such cases as this for the court to limit plaintiff's recovery to damages which directly and proximately result from the negligent acts of defendant.

Dallas Railway & Terminal Co. v. Price, 131 Tex. 319, 114 S.W.2d 859, 860, by the Supreme Court, involved a definition of unavoidable accident, which, of course, is referable to the negligence of both parties, and Judge Critz, speaking for that court, said: "The definition in this instance should have, in effect, told the jury that by the term 'unavoidable accident,' as used in the question submitting the issue, is meant an event which occurs without having been proximately caused by the negligence of the defendant naming it, or of the plaintiff." We think that holding supports the view we took in the cases above cited, as well as the conclusions here reached. If the evidence upon another trial is substantially the same as at the last one, the court will limit the recovery to damages to those sustained directly and proximately resulting from the negligent acts of defendant, with proper saving clauses so as to not assume that they existed. We also suggest, for the guidance of the court, that in the explanatory part of the charge, the jury should be advised that their findings will be based upon a preponderance of the evidence, and guard against anything that could properly be termed a double recovery.

■ Defendant's fourth proposition complains because of the submission of the first special issue inquiring if Mackey was driving his car at a greater rate of speed than 20 miles per hour immediately prior to the collision; it contends that there is no evidence to support such an inquiry. We have hereinabove referred to some of the evidence on that point. The time consumed by plaintiff to walk 15 feet to where he was struck was shown by demonstration to be approximately four seconds; a car driven 400 feet from where Mackey's car was seen when plaintiff started across the street to the place of the accident at 20 miles per hour would require thirteen seconds, and driving the same distance at 30 miles per hour requires ten seconds; the facts here indicate that the parties "tied"; i. e., they traveled the respective distances within the same time. Mackey's car traveled 50 feet before it was brought to a stop after the collision; his tires marked the pavement as if they were skidding for about 20 feet. These are circumstances tending to show that the car was traveling at a speed in excess of the lawful rate, and the jury was entitled to consider that controverted issue. Shaver v. Mason, Tex. Civ.App., 13 S.W.2d 450; Stamper v. Scholtz, Tex.Civ.App., 29 S.W.2d 883, writ refused. We see no merit in the contention raised and the assignment is overruled.

■ Fifth proposition questions the sufficiency of the court's definition of proximate cause upon the ground that it does not contain the definition of new and independent cause. It is argued by defendant under this assignment that because all of the evidence in the case indicates that plaintiff was guilty of negligence in failing to keep a proper lookout for his own safety, raised the issue of new and independent cause. It is frankly admitted, however, that the necessity for the definition of new and independent cause only arises in cases where that point is raised by the pleadings and evidence.

We are cited to no other part of the testimony, nor have we found such in the statement of facts, which raises the point under discussion. No acts of third persons, nor present existing conditions of objects not under the control and supervision of either of the parties were involved in the

collision or entered into the accident. It occurred at about 2 o'clock P. M. on a broad paved street. It does not appear that the traffic was heavy at the time and place, nor that the pavement was wet or otherwise than perfectly natural, nor that any outside agency brought about the accident. We see no issue of new and independent cause in the case. See Butler v. Herring, Tex.Civ. App., 34 S.W.2d 307; Johnson v. Smither, Tex.Civ.App., 116 S.W.2d 812, writ dismissed. The assignment is overruled.

Sixth and seventh propositions by defendant are based upon the assertion that a verdict for it should have been instructed, upon the ground that plaintiff was struck by a car driven by Mackey and there was no evidence showing Mackey was the agent of defendant Norris Bros., Inc.

The testimony shows without dispute that Mackey was employed by defendant as a warehouseman; that it had only two employees, they being Mr. Carter and Mackey; Carter was away from the place of business about one week in each month and Mackey alone was left at the warehouse; defendant sold its goods only to jobbers; a steel mill in Fort Worth was one of defendant's customers; the mill telephoned Mackey for a half dozen pump rings and asked him if he would deliver them; Mackey agreed to do so and while en route in his own car to make the delivery, the accident happened.

█ Defendant urges here that the evidence shows that under the terms of Mackey's employment he was forbidden to make deliveries of goods; that while he had made other deliveries, Mr. Carter did not know it. Therefore, it is claimed Mackey was acting against his instructions and not within the scope or apparent scope of his authority when the collision occurred; but upon examination of the statement of facts, we find that the testimony referred to was not admitted in evidence by the court before the jury, and it was placed in the statement of facts for the purpose of perfecting a bill of exception to its exclusion by the court. No assignment of error is made to the action of the court in its exclusion. Under the proposition and assignment here presented we cannot consider the testimony in support of the contention made.

The testimony properly before the jury was abundantly sufficient to raise the question of agency of Mackey. But it will be observed that this is not a complaint that no question of agency was submitted to the jury, but that a peremptory instruction should have been given.

█ Agency may be proved by circumstances. It cannot be established by the declarations of the alleged servant alone, nor can it be defeated simply by his denial. Daugherty v. Wiles, Tex.Com.App., 207 S. W. 900. Where the master does not testify, or if being a corporation its officials or manager fail or refuse to testify as to the relationship with the alleged agent or servant, slight testimony will be accepted to raise the presumption of agency. 3 C.J. S., Agency, § 315, p. 253. The silence of one in the best position to know the truth will add probative strength of the slight testimony offered by one whose duty it is to establish agency. Hill & Co. v. Fricke, Tex.Civ.App., 135 S.W.2d 582, writ dismissed, judgment correct; Farmers' Guaranty State Bank v. Burrus Mill & Elevator Co., Tex.Civ.App., 207 S.W. 400; Pullman Palace-Car Co. v. Nelson, 22 Tex.Civ.App. 223, 54 S.W. 624; Bailey v. Hicks, 16 Tex. 222. Mr. Carter, who is apparently the manager of defendant's business in Fort Worth, did not testify in the instant case. The issue of whether or not Mackey was the agent of defendant was not submitted to the jury; there was no such request made. We overrule the assignment that an instructed verdict for defendant should have been returned.

Eighth and ninth propositions assert that the judgment of the trial court should be reversed because of misconduct of the jury. It is contended that the jurors improperly discussed and took into consideration, while deliberating upon their verdict, the matter of amount plaintiff would have to pay out as attorney's fees, and that some insurance company would have to pay the judgment entered. We have hereinabove referred to this phase of the case.

█ The trial court heard the conflicting statements of the jurors when they testified upon the motion for new trial. There was testimony both that the acts complained of happened and that they did not. The court who heard the testimony overruled the motion without comment or special findings of fact. This is tantamount to a finding that the alleged misconduct did not in fact happen. Texas Employers' Ins. Ass'n v. Chocolate Shop, Tex.Com.App., 44 S.W.2d 989; St. Louis, B. & M. Ry. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024, and cases cited; Sproles

Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, judgment correct, and cases cited. No error is shown by these assignments.

The tenth proposition asserts that the judgment was excessive in amount. We have studied the evidence which describes the nature and extent of plaintiff's injuries. We see no evidence of prejudice or bias on the part of the jury prompting the return of an excessive verdict. It reflects the judgment of the jury reached from a consideration of the facts as they understood them. The amount is not such as would excite a suspicion that some improper motive prompted it; it is not so great as to shock the consciences of men; it appears to be the result of the combined efforts of twelve men chosen for that purpose. Some of the things we said in this connection in Finck Cigar Co. v. Campbell, 114 S.W.2d 348, are applicable here. Since the case must be tried again, our act in overruling the contention of defendant in this respect should not affect the result of another trial.

Eleventh proposition asserts that the court erred in permitting the witness Pope to testify as an expert over the objections of defendant, as to experiments made by him shortly prior to the date of trial, in regard to driving a car over the pavement on Hemphill Street between the point where Mackey's car was shown to be when plaintiff saw it and where the accident happened, the time it took at given rates of speed and the distance the tires skidded when driven at rates mentioned. We think it was the subject of expert testimony that the witness qualified as such. Under the conditions detailed by him, the evidence was admissible and went to its weight rather than to its admissibility; the jury could take it and give it the weight and credibility it was entitled to receive. Montgomery Ward & Co. v. Levy, Tex.Civ. App., 136 S.W.2d 663, and cases cited.

We overrule the thirteenth proposition which claims that there was error in the definition given by the court of preponderance of the evidence. The explanation given reads: "Preponderance of the evidence, as that term is used herein, means the greater weight of the testimony." It is contended that the definition should have stated that it meant the "greater weight of the credible testimony." There is no material distinction to be drawn between these two expressions when used in the charge. In so far as the jury is concerned, all of the testimony admitted by the court is "credible". The jury was told: "You are the exclusive judges of the credibility of the witnesses, of the weight to be given their testimony", etc. Under this universally approved charge, the jury may pass upon the credibility of the witnesses and the weight of the testimony given. In short, all of the testimony permitted by the court must be received by the jury and considered under the liberal rule contained in the subsequent instruction in regard to it.

For the reasons pointed out, the judgment of the trial court is reversed and the cause remanded for another trial.

On Rehearing.

PER CURIAM.

This cause having heretofore been certified to the Supreme Court of Texas and all parties litigant having presented to this court and to the Supreme Court motions requesting that the certificate filed in the Supreme Court be withdrawn because the matters in litigation have been settled by them and all questions involved in the appeal have become moot, and this court having granted said motion heretofore and the Supreme Court, on December 7, 1940, having granted the motion filed in said court and having granted the request of this court to be permitted to withdraw said certificate, and the motion for a rehearing in the Court of Civil Appeals having been considered by such court, said motion for a rehearing is hereby overruled, and on motion and request of all parties litigant, this court having reversed and remanded said cause for a new trial, in the district court from whose judgment the appeal was taken, it is ordered that a mandate be issued instanter by the clerk of this court on said judgment reversing and remanding said cause to the district court of Tarrant County, Texas, upon payment of costs.