## GULF, COLORADO & SANTA FE RY. CO. v. SMART.

### No. 15044.

Court of Civil Appeals of Texas.
Fort Worth.

June 3, 1949.

Rehearing Denied July 8, 1949.

Wigley, McLeod, Mills & Shirley, all of Galveston, Wren & Jeffrey and Frank J. Wren, all of Fort Worth, for appellant.

Harris Brewster and Marvin B. Simpson, both of Fort Worth, for appellee.

HALL, Justice.

A district court of Tarrant County, Texas, rendered judgment for appellee O. I. Smart in the sum of $5,000, together with six per cent interest thereon from date, and court costs, against appellant Gulf, Colorado & Santa Fe Railway Company, based upon findings of the jury. Appellant appeals by submitting to this court five points of error, as follows:

1. "There being no evidence showing or tending to show that any steel rail fell 'on and against the plaintiff', there was no evidence warranting the submission of an issue inquiring as to whether defendant, its agents, servants and employees, 'caused a steel rail to fall on and against the plaintiff.' "

2. "The plaintiff's own testimony being to the effect that the rail did not fall 'on or against' him, and there being no other testimony in the record that any rail fell in any manner, there was no basis for the affirmative answers of the jury to the issues submitting the question as to whether the defendant caused a steel rail to 'fall on and against the plaintiff'."

3. "In submitting the issue of unavoidable accident, it was highly improper and prejudicial for the court to so frame the issue that the jury is asked to find whether it was an unavoidable accident for the defendant to do the very thing which the plaintiff alleged it was negligence for it to do and which, concededly, if it had done, would have constituted negligence on its part."

4. "The undisputed testimony of plaintiff's own doctor showing that plaintiff's injuries could have resulted from the exertion and strain incident to the handling

of a railroad rail, even though same did not fall as plaintiff alleged, and the defendant having alleged that plaintiff's injuries resulted from an unavoidable accident, it was entitled to have such issue submitted to the jury in such manner as would have permitted a finding that the 'injuries, if any, were the result of an unavoidable accident' and it was error for the court to submit to the jury in effect the question of whether 'the action of the agents, servants, and employees of defendant, in permitting a steel rail to fall and strike the plaintiff, was an unavoidable accident.'"

5. "The overwhelming preponderance of the testimony showing that one end of the steel rail which plaintiff was assisting in handling did not fall and his alleged cause of action being based solely on the negligence of the defendant in permitting the rail to fall, the verdict of the jury should have been set aside."

We will discuss points 1, 2 and 5 together. While it is true that neither appellee nor any of his witnesses testified that said rail did fall against and upon appellee, the plaintiff in the trial court, among other things, plead in his original petition as follows:

"Plaintiff would show to the court that at the time he received said injuries complained of in this petition, he and co-employees were engaged in handling one of the steel railroad track rails, approximately thirty feet long and weighing approximately thirty-two hundred pounds, that said steel rail was being handled on a rough and sidling embankment, and the other employees whom plaintiff was assisting in handling said steel rail, permitted the same to drop and get loose and fall against and on plaintiff, as a result of which plaintiff was injured internally, to such an extent that it required an operation to plaintiff's abdomen, his lower back injured in the lumbar region, his right kidney pulled, jerked or knocked out of place, and caused to fall down in a lower position which gives him constant pain."

Appellee testified that while assisting appellant's employees in carrying a steel rail, which weighed several hundred pounds, the following occurred:

"Q. Now tell His Honor and the jury just what occurred when you got hurt. A. We were going up this incline with this rail, and it was muddy and slippery and raining and they dropped the left end of it. I was on the right end of the rail.

"Q. How far had you gotten away from the place where you picked the rail up, if you had gotten it up, to the point where it dropped, that end of it dropped? A. I would say some 12 or 14 feet.

"Q. Had you gotten past the first embankment landing? A. Yes.

"Q. And started up the second incline? A. Started up the second incline.

"Q. Now when the end of the rail dropped, what happened to you? A. It liked to have pulled me down in the mud.

"Q. And what did you do? A. I held on it.

"Q. Why? A. To keep it from falling on my feet and all the rest of it.

"Q. And then what happened? A. They came up with the other end.

"Q. And then what did you do? A. We finally got it on the little push car.

"Q. When you got it on the push car, what happened to you, if anything? A. I could not hardly turn it aloose.

"Q. What was the trouble? A. I just was gripped to it and was hurting.

"Q. Where were you hurting? A. I was hurting all over, in my feet, in my hands, in my back, in my kidney, and right back of my neck, and my shoulders, I was hurting all over."

Reviewing all testimony in its most favorable light to the court's judgment, we find there is sufficient evidence to support same. The testimony further shows that appellee underwent an operation immediately after the alleged occurrence in question, but the extent, the necessity and cause of such operation was contested by appellant. The jury resolved their findings in favor of appellee.

We overrule appellant's points 1, 2 and 5.

Appellant's points 3 and 4 are relegated to the way and manner the trial court submitted the issue of "unavoidable accident."

The court's definition of unavoidable accident was submitted as follows:

"You are instructed that an Unavoidable. Accident is one which happened without negligence on the part of either party sought to be charged therewith, and one which under all the attending circumstances ought to have been reasonably foreseen or anticipated by either party thereto."

The special issue of unavoidable accident as submitted to the jury by the court and the answer thereto are as follows:

"Do you find from a preponderance of the evidence that the action of the agents, servants and employees of the defendant, if they did do so, in permitting a steel rail to fall and strike the plaintiff, if they did do so, was not an unavoidable accident?

"Answer, 'It was an unavoidable accident', or 'It was not an unavoidable accident'.

"Answer: It was not an unavoidable accident."

Appellant objected to the form of said issue: "for the reason that the question of whether or not the plaintiff's injuries, if any, resulted from an unavoidable accident, which is the only proper issue of unavoidable accident to be submitted," also "for the reason that in such issue the jury is asked to determine as to whether the acts of the defendant in permitting the steel rail to fall and strike the plaintiff, if such acts did occur, was or was not an unavoidable accident, when under the law in cases of this character, the only proper issue to be submitted is an issue asking the jury as to whether the plaintiff's injuries if any were or were not the result of an unavoidable accident"; and "for the reason that such issue is confusing and is not a proper issue to be submitted on the issue of unavoidable accident, which would be an issue inquiring as to whether the injury, if any, sustained by plaintiff, resulted from an unavoidable accident, * * *."

We interpret appellant's above objections and exceptions to the court's form of submitting special issue No. 5 on uuavoidable accident to be that the basic inquiry to be submitted should be directed to the injuries of appellee.

In Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 452, 140 A.L.R. 1301, the Supreme Court said: "The only legitimate purpose to be served in submitting unavoidable accident is to call the matter to the attention of the jury, so that it will not be overlooked, and so that the jury will understand that they do not necessarily have to find that one or the other parties to the suit was to blame for the occurrence complained of. This purpose is fully accomplished when the jury is told that the occurrence in question was an unavoidable accident if it happened without the negligence of either of the parties to the suit."

Appellee cites for his authority, among other cases, the City of Coleman v. Kenley, Tex.Civ.App., 168 S.W.2d 926, 935, writ refused, w. m. There the issue was submitted as follows: "Do you find from a preponderance of the evidence in this case that the injury and death of W. J. Kenley, Jr., the minor son of plaintiff was an unavoidable accident?" The Court of Civil Appeals held in that case that there was no evidence raising the issue and none had been pointed out to it, "but, assuming the issue was raised and we should consider these points, the issue was submitted in accord with those approved by the Supreme Court," citing a number of cases.

In Hicks v. Brown, 136 Tex. 399, 151 S. W.2d 790, 792, the Supreme Court clarified the necessity of submitting the issue as follows: " * * * that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident."

In the case of Dallas Railway & Terminal Co. et al. v. Price et ux., 131 Tex. 319, 114 S.W.2d 859, 860, the Supreme Court interpreted an unavoidable accident " 'is one which is not occasioned in any degree, either directly or remotely, by want of such care or prudence as the law holds every man bound to exercise; and if the accident complained of could have been prevented by either party by use of means suggested by common prudence, it is not unavoidable.' In other words, an 'unavoidable accident' is one which happens without being caused by the negligence of either party."

It is true, as appellant contends, that in some cases the courts use the term "injury" instead of the term "incident," "accident," "occasion," or "collision,". as the case may be. In most of the cases where they use the term "injury" there is no dispute as to source of plaintiff's injury.

In the case of Southern Ice & Utilities Co. v. Richardson et al., Tex.Civ.App., 60 S.W.2d 308, there was an objection made to the trial court's definition of unavoidable accident, in that the definition as given assumed injury and had reference to injuries or damages when, as a matter of law, the same should have had reference to the occurrence of the particular collision involved. The Supreme Court in 95 S.W.2d 956, 958, in reviewing said case stated the following: "Complaint is made by the company in another assignment of error of both the definition of the term 'unavoidable accident' and the form of the submission of the special issue to the jury. It is not necessary in view of another trial to discuss the holding of the Court of Civil Appeals in this connection. We merely suggest that it will be more helpful to the jury upon another trial for the court to define the term substantially as 'an event which occurs without the negligence of the plaintiffs or the defendant'; and that the form of the issue be, in effect, 'Do you find from a preponderance of the evidence that the collision in question was not due to an unavoidable accident?' "

From the cases we have read we have come to this conclusion: The inquiry to be submitted in an unavoidable accident issue, especially where the source of injury is disputed, as in the case at bar, should relate to the question whether or not the incident or occurrence was caused by an unavoidable accident. In such case the inquiry is not whether plaintiff's injuries were the result of an unavoidable accident. This is so because, as in the case at bar, the claim may be that the injuries were caused by something other than the occurrence which is the basis of plaintiff's suit. Whether or not the issue submitted by the court was subject to any other objection, it was not subject to the specific objection leveled at it in the trial court. Hence, no reversible error is presented on

appeal. Texas Rules of Civil Procedure, Rule 274. Reference is made to the discussion by Chief Justice Alexander found in Vernon's Texas Rules of Civil Procedure by Franki at page 287.

Other cases which we have read in connection herewith are as follows: Wichita Valley Ry. Co. et al. v. Southern Casualty Co., Tex.Com.App., 284 S.W. 940; Wichita Valley Ry. Co. v. Minor, Tex.Civ.App., 100 S.W.2d 1071; Gulf, C. & S. F. Ry. Co. v. Giun et al., 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795; Sproles Motor Freight Lines, Inc., et al. v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, judgment correct; Flores v. Sullivan, Tex.Civ.App., 137 S.W.2d 799, writ dismissed, correct judgment.

Finding no error in the judgment of the trial court, it is affirmed.