### YORK TRANSPORT CO. et al. v. MORELAND et al.

### No. 12120.

Court of Civil Appeals of Texas. Galveston.
Oct. 20, 1949.

Rehearing Denied Dec. 8, 1949.

900

Fulbright, Crooker, Freeman & Bates, John C. Williams and Eugene Cavin, all of Houston, for appellants.

Dixie & Ryan, Thomas M. Ryan, Fowler & Conn and Larry W. Morris, all of Houston, for appellees.

MONTEITH, Chief Justice.

Appellee Henry H. Moreland brought this action to recover damages alleged to have been sustained as a result of the negligent operation of a gasoline truck owned and operated by appellant York Transport Company, which resulted in injuries to appellee. Texas Employers Insurance Association intervened in the suit. It sought recovery of the amount paid appellee under a workmen's compensation policy, including medical expenses and attorney's fees.

This action arose out of a collision between an automobile being driven by appellee and a gasoline truck owned by appellant and being driven by its employee. The collision occurred between Houston and Goosecreek on January 22, 1947, between a passenger automobile being driven by appellee in a westerly direction on the Market Street Road in Harris County, and a gasoline truck being driven by Sammy C. Lanham, appellant's agent and employee, who was alleged to have been acting within the scope of his employment. Appellee alleged various specific acts and omissions on the part of appellant and its driver, which were claimed to have proximately caused the accident, and appellant alleged numerous acts and omissions on the part of appellee which it claimed amounted to contributory negligence.

In answer to special issues submitted, a jury found, among other facts, that appellant's truck was being driven on the left hand side of the highway, that the driver failed to have said truck under proper control and that it was being operated at an excessive rate of speed. The jury found that appellee was not guilty of contribuory negligence. Based on the answers to such special issues, judgment was rendered in favor of appellee in the sum of $22,500.00.

A witness, R. P. Bartlett, who was preceding appellee on the Market Street Road at the time of the collision testified that he had just completed a slight turn in the road when he saw a gasoline truck coming toward him on his own side of the road and that when the truck reached a point

about thirty or forty feet from him "he just turned and came across the road" and hit his, Bartlett's car, almost head on.

Appellee testified that on the date of the collision he was driving his car at the rate of about 35 miles per hour on the right hand lane of the Market Street Road, which was a two-lane highway when he was struck by a truck which suddenly appeared on his side of the road. He testified that the next thing he remembered after seeing this truck right in front of him, he was in the hospital. Mrs. H. O. Clark testified that she witnessed the collision in question, and that the truck swerved across the center line making an impact which she heard, that she saw Mr. Bartlett's car at the same time.

Appellant's truck driver testified that he was driving his truck at the rate of about 40 miles per hour when he hit a hole in the road which caused the truck to swerve to the right. He testified that at the time his truck struck the Bartlett car, the tractor part of the truck struck the front end of appellee's car.

Appellants contend that the fact that appellee did not discover appellant's truck until it was within a short distance of where the collision occurred, shows conclusively that if he had kept a proper lookout he could have discovered the truck in time to have avoided the collision and that appellee was guilty of contributory negligence as a matter of law. This contention cannot, we think, be sustained under this record.

■ The jury found, on what we deem to be sufficient evidence, that on the occasion in question appellee's automobile was not being operated at an excessive rate of speed; that he did not fail to keep his car under proper control or to apply his brakes and that his failure to turn his car to his right immediately before the collision was not negligence.

The facts in this action are similar in all material respects to the facts in the case of Haney et al. v. Texas & N. O. R. Co., Tex. Civ.App., 119 S.W.2d 714, 716, wherein the court in its opinion said: "One is under no duty of guarding against a dan-gerous situation the existence of which he is justifiably ignorant of."

In the case of Texas-Louisiana Power Company v. Webster, Tex.Civ.App., Dallas, 59 S.W.2d 902, 910, later affirmed by the Supreme Court in 127 Tex. 126, 91 S.W.2d 302, the court of civil appeals in its opinion said: "Contributory negligence can only be predicated upon failure to use reasonable care for one's own safety to avoid the thing causing injury. If ignorant of the danger, and not being required to anticipate its presence, as in the instant case, no duty existed to exercise such care."

In the case of Hines v. Parsons, Tex.Civ. App., 221 S.W. 1027, 1028, it states the general rule to be that "It is not contributory negligence not to anticipate that another will violate the law in a given particular and in not providing against such possible violations of it."

■ In the instant case, in view of the testimony of the driver of appellant's truck that he was proceeding around 40 miles per hour with a heavily laden truck and that the truck swerved onto appellee's side of the road and that appellee was driving at a moderate rate of speed, we think that appellee could not be charged with contributory negligence as a matter of law.

■ Under their second point, appellants complain of the action of the trial court in admitting, over their objections, testimony in reference to injuries to appellee's right eye for the alleged reason that such injuries were not alleged in appellee's petition, and that the court's action in submitting the issue of appellee's physical pain and diminished earning capacity to the jury over their objection without an instruction to disregard the improper evidence of injuries to appellee's right eye, was reversible error.

The record reflects that appellee alleged in his pleadings that he had suffered the complete loss of sight in one eye, and that he suffered severe mental and physical pain and suffering and would continue to endure severe mental and physical pain and suffering for an indefinite time in the future.

Dr. W. E. Ramsey testified that he had examined appellee sufficiently to determine that he had lost the sight of his right eye which was caused by the tearing of the retina, that the injury was likely to make appellee nervous and to interfere with his work as a draftsman.

Appellee's pleadings are, we think, sufficient to bring him within the rule of law which permits the character of proof offered in the instant case.

In the case of Coca Cola Bottling Company v. Heckman, Tex.Civ.App., 113 S.W. 2d 201, appellee alleged that in drinking a bottle of Coca Cola, she had swallowed a cockroach which caused her violent illness; that at that time she was a healthy girl, and that since that time she has been sick and disabled and was unable to enjoy and digest her food and that this condition was permanent. The court in answering appellants' complaint as to the insufficiency of these allegations said that appellee should be permitted to prove under allegations of "violent illness" any illness or ailment, nervous, physical or otherwise that might be caused from drinking the cockroach.

In the case of Dallas Railway and Terminal Company v. Price, Tex.Civ.App., 94 S.W.2d 884, and affirmed insofar as the question under consideration here is concerned in 131 Tex. 319, 114 S.W.2d 859, it was contended that plaintiff's allegations as to the injury received was insufficient to permit the introduction of the proof offered. The allegations complained of formed a sufficient basis for the introduction of evidence sought to be introduced. The court quoted with approval from the opinion in the case of Smith Oil Company v. Riggs, 111 Tex. 173, 230 S.W. 139, 140, where Justice Greenwood, speaking for the Supreme Court, said "The court has never departed from the decision by Chief Justice Stayton in Missouri Pac. R. Co. v. Mitchell, 72 Tex. 171, 173, 10 S.W. 411, that the effect of precise injuries alleged may be proven. The very purpose of averring that a plaintiff is afflicted with a certain disease as a result of actionable injury is to give notice to the defendant that compensation is sought for the pains and in-

firmities which attend the disease. The pains and infirmities are necessarily included in the allegation of the disease. * * * Citing authorities."

Under the record in this case, we think that no error was committed by the trial court in admitting evidence of injuries to appellee's eye.

Under its third point of appeal, appellants complain of the action of the trial court in denying them an opportunity to make an alleged adequate presentation of their case by refusing to permit the introduction of any evidence in reference to the Texas Employers Insurance Association's intervention in the suit, or to permit the reading of its pleadings.

The trial court denied appellants' request that intervenor's pleadings, excluding any reference to settlement, be read to the jury or, that the jury be advised of intervenor's presence as an adverse party in the lawsuit.

During the trial, in the absence of the jury, appellants' counsel examined appellee and developed the fact that in June or July of 1947, appellee signed a statement in which he stated "I realize that I have about reached my maximum recovery". This statement was submitted to the Industrial Accident Board on appellants' behalf for the Board's consideration in connection with his claim for compensation.

Appellee contends that the testimony which appellants sought to elicit in connection with proof that appellee had received compensation benefit from the Texas Employers Insurance Association and the pleadings which they sought to have read to the jury would be prejudicial to them, in that it would bring directly to the jury's attention the fact that appellee was protected by insurance.

The question under consideration, we think, has been decided by our Supreme Court contrary to appellant's contention in the case of Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, in which the state of Texas was an intervenor in behalf of the Highway Department. In that case judgment had been rendered in favor of defendants upon the findings of a jury. It was

affirmed on appeal. 182 S.W.2d 266. The record in the case reflects that when the case was called for trial, intervenors moved the court not to permit any of the pleadings relating to the settlement with the Intervenor to be read to the jury, on the grounds that the testimony to be offered of the amount of damages sought was immaterial. The trial court overruled the motion and they were admitted. The court of Civil Appeals affirmed the trial court.

The Supreme Court, 186 S.W.2d 811, 813, held that the reasons given by the Court of Civil Appeals for its contrary holding were not persuasive and that it could not agree with them. It held that "in fact it has long been settled that it was prejudicial to both the party negligently inflicting the injury upon the defendant, and the insurance carrier, in somewhat analogous cases, for the trial court to permit it to be brought directly to the jury's attention that the defendant was protected by insurance. Bransford v. Pageway Coaches, 129 Tex. 327, 104 S.W.2d 471, and cases there cited."

Continuing; the court said, "It is settled in this jurisdiction also that it is the correct practice in suits to recover workmen's compensation, not to permit evidence to go before the jury in any form that the industrial accident board refused or allowed the claim for compensation, or the amount of its award, if any. * * *"

"We are in accord also with the statement in Johnson v. Willoughby [Tex.Civ. App., 183 S.W.2d 201], to the effect that the better procedural policy is not to read to the jury that portion of the pleadings which set forth the amount of benefits paid to the employee by the insurer in settling his claim for compensation, and that a settlement had been made by Myers with the highway department."

Under the above authority, appellants' contention cannot, we think, be sustained.

Finding no reversible error in the record, the judgment of the trial court must be, in all things, affirmed.

Affirmed.

On Appellants' Motion for Rehearing

In their motion for rehearing, and for leave to present oral argument in support thereof, appellants request that this court make certain changes in its findings of fact made in its original opinion, and that the original opinion be amended in that respect.

A re-examination of the record reflects that Sammie C. Lanham, the driver of the truck involved in the accident, was a defendant in the trial court and is an appellant before this Court and that he testified that his truck swerved to the "left" rather than to the "right" as stated in the Court's opinion. The record also reflects that the witness R. P. Bartlett was called by and testified on behalf of appellee and that the accident occurred during daylight hours.

The Court's opinion will therefore be amended so as to reflect these facts.

The above corrections, however, in no way affect the final determination of the Court in this cause as embodied in our former opinion.

Motion for rehearing and to present oral argument is overruled.