**Donald Earl SCOTT, Appellant,**

v.

**B. & B. DRILLING COMPANY, Appellee.**

No. 5073.

Court of Civil Appeals of Texas

El Paso.

Nov. 17, 1954.

William D. Kimbrough and John J. Watts, Odessa, for appellant.

McDonald & Shafer, Odessa, Jones, Hardie, Grambling & Howell, El Paso, for appellee.

McGILL, Justice.

Appellant as plaintiff sought to recover damages from appellee for personal injuries suffered by him when a stabbing board fell from a well derrick and hit him on the floor of the derrick. The appellee was the owner of the well. At the time of the accident a casing crew known as "Bob's Casing Crew" of which appellant was a member, was engaged in installing casing in the well. The appellee had furnished this casing crew with a stabbing board fabricated from drill pipe and other metal, which was about 3½ ft. wide and 26 ft. long, and weighed in excess of 400 pounds. It was laid across the well derrick about thirty feet above the ground, and was used by the stabbing crew in placing the casing in the well. Due to the vibration of the well derrick one end of this board slipped off of the derrick and the board fell, striking the derrick floor and falling over upon the plaintiff, who was engaged in working on the floor of the derrick.

The case was tried to a jury and on their answers to special issues submitted the court rendered judgment that plaintiff take nothing. Appellant contends that the court should have disregarded the jury's findings of contributory negligence and entered judgment for him, because there was no evidence to support their finding that he failed to keep a proper lookout and that such failure was a proximate cause of the accident, and that in any event these findings were against the great preponderance of the evidence, and for this reason the court should have granted plaintiff a new trial.

There is no question that plaintiff suffered serious injuries. The findings material on this appeal are that the plaintiff failed to keep a proper lookout, which was the proximate cause of the accident, and that the jury failed to find that plaintiff was negligent in working in the drilling rig at

the point where he was working, under the circumstances existing at the time of the accident.

■ The evidence was ample to support the jury finding that plaintiff failed to keep a proper lookout under the circumstances existing at the time of the accident. It is a reasonable inference from plaintiff's own testimony and the testimony of witnesses Whiteside and Cobb that plaintiff did not see the board when it fell, or look at it just before it fell, although a joint of casing was being dragged up and the snatch block had broken and was hanging on the side of the derrick, which had caused vibration of the derrick. We construe the finding of failure to keep a proper lookout under the circumstances existing at the time of the accident refers to the circumstances existing immediately preceding the accident, i. e., the circumstance that the snatch block had broken and caused vibration of the derrick. The findings must be reasonably construed, and it is unreasonable to suppose that the jury intended to find that the plaintiff should have continuously kept an eye on the stabbing board at all times while he was working on the floor of the derrick. The evidence is uncontroverted that the stabbing board was untied and that plaintiff knew it was untied and "figured it was dangerous". Under all these circumstances it was a question of fact for the jury as to whether plaintiff failed to keep a proper lookout at the crucial time, i. e., when the derrick had been caused to vibrate by reason of the breaking of the snatch block. The finding that he did fail to keep such proper lookout is tantamount to a finding of negligence on the part of plaintiff. He cannot shield himself from such negligence by the finding that he did not know the danger involved. The jury also found that such dangers were open, apparent and obvious to plaintiff. This fact distinguishes this case from the cases of Texas Utilities v. Dear, Tex.Civ.App., 64 S.W.2d 807, wr. dis., and Haney v. Texas & N. O. R. Co., Tex.Civ.App., 119 S.W.2d 714, wr. dis., cited and relied on by appellant.

The finding that Scott's failure to keep a proper lookout at the time of the accident was a proximate cause of the accident is likewise supported by the evidence and is not in conflict with the finding that he was not negligent in working in the drilling rig at the point where he was working, under the circumstances existing at the time of the accident. It is not reasonable to suppose that the jury found that had Scott kept a proper lookout and seen that the stabbing board had slipped until one end was almost off of the derrick he would not have been negligent in remaining where he was; that he could not then have foreseen the fall of the board and resulting injury to him. This element of foreseeability is a constituent element of both proximate cause and negligence. Had Scott looked at the board when the snatch block broke and the derrick was caused to vibrate he no doubt could and would have removed himself from the danger which was then apparent; therefore his failure to look at this crucial time could have been, as the jury found it was, a proximate cause of the accident and resulting injury.

■ We think the doctrine of volente non fit injuria on which appellee relies has no application in view of the jury's failure to find that the plaintiff knew the nature of the dangers involved in working under the untied stabbing board. Triangle Motors of Dallas v. Richmond, Tex., 258 S.W.2d 60, loc. cit. 64, (7, 8).

The judgment of the trial court is affirmed.