**Cay Marie PLATT, Appellant,**

v.

**Robert Lee PLATT, Appellee.**

No. 12–98–00141–CV.

Court of Appeals of Texas, Tyler.

April 30, 1999.

---

M. Steven Deck, McAllen, Elaine L. Fannin, Austin, for appellant.

Mark W. Cargill, Palestine, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

JIM WORTHEN, Justice.

Appellant Cay Marie Platt ("Cay Marie") appeals a post-answer default judgment of a divorce dissolving her marriage to Appellee Robert Lee Platt ("Robert"). The judgment complained of awarded custody of their son to Robert and divided the community estate of the parties. In four issues, Cay Marie complains that the trial court erred when it: (1) authorized alternative service of citation without requiring Robert to follow the requirements of Rule 106 of the Texas Rules of Civil Procedure; (2) failed to give her forty-five days' notice of the trial as mandated by Rule 245 of the Texas Rules of Civil Procedure; (3) failed to send notice of the trial setting to her address on file with the court; and (4) failed to grant her a new trial after she showed that her constitutional right to be present at the final hearing in her divorce case had been violated. We will reverse and remand for a new trial.

Robert filed an original petition for divorce on April 10, 1997. He alleged that he and Cay Marie had been married since January of 1983, but ceased living together as husband and wife in July of 1992. On November 10, 1997, Robert obtained an order from the court allowing him to serve

Cay Marie with citation by leaving a copy of the citation with a copy of the petition attached with any party over the age of sixteen at the Saigon Restaurant at 1708 East Veterans Memorial Boulevard in Killeen, Bell County, Texas. On November 18, 1997, citation was served by leaving the documents with Hong T.T. Hopkins[sic] at that address. On December 12, 1997, Cay Marie filed a pro se original answer with the court showing her address as 1911 Health Stone, # 1, Austin, TX 78757.

On January 6, 1998, the court sent notices to the parties of a final hearing in this divorce proceeding to be held on January 13, 1998 at 1:00 p.m. Notice of this hearing was sent to Cay Marie at 1708 East Veterans Memorial Boulevard, Killeen, TX. The trial court held the final hearing on January 13, with Robert appearing with his attorney of record, while Cay Marie failed to appear. The trial court entered a final decree of divorce on January 26, 1998. Cay Marie timely filed both a motion for new trial with her affidavit attached. She stated that she had not worked at the Saigon Restaurant for more than a year, that she received notice of the final hearing on January 22 when a friend at the restaurant informed her of it, and that she had not been duly notified of the final hearing date of January 13 in the divorce proceeding. The motion sought to have the default judgment set aside and a new trial granted. If heard timely, the trial court should have heard the motion for new trial by April 11, 1998, seventy-five days after the entry of judgment. The hearing took place on April 29, 1998, at which time the trial court took no additional action because the motion had been overruled by operation of law. On May 8, the trial court heard Cay Marie's motions to vacate judgment and to reconsider the overruling of the motion for new trial. On May 11, the last day of its plenary power, the trial court overruled these motions.

In her second, third and fourth issues, Cay Marie contends that the trial court erred when it refused to grant her a new trial after it was shown that she had not been served with notice of the final hearing at her address on file with the court and that she had not received notice of the final hearing forty-five days beforehand, as required by Rule 245 of the Texas Rules of Civil Procedure. She argues she was denied fundamental due process by not being present at the trial and to participate in it.

■ The refusal of a trial court to grant a new trial will not be disturbed on appeal absent a clear abuse of discretion. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85–86 (Tex.1992). Cay Marie filed a timely motion for new trial on February 11, 1998. The trial court initially set it for a hearing date on April 1, 1998, which was within the allowed time to consider it. TEX.R. CIV. P. 329b(c). The court reset the hearing to April 29, 1998. Nothing in the record or briefs explains the circumstances for this delay. After the April 29 hearing, the trial court held another hearing on May 8 to consider the motions to vacate default judgment and to reconsider a new trial. The April 29 and May 8 hearings were within the time the trial court retained plenary power over the matter. TEX.R. CIV. P. 329b(e). This court may therefore review the denial of a new trial under an abuse of discretion standard. *G & C Packing Co., Inc. v. Commander*, 932 S.W.2d 525, 527 (Tex.App.—Tyler 1995, writ denied).

■ If, as in this case, a timely answer has been filed by the defendant, she is entitled to notice of the trial setting as a matter of due process. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86, 108 S.Ct. 896, 898–900, 99 L.Ed.2d 75 (1988); *Langdale v. Villamil*, 813 S.W.2d 187, 190–91 (Tex.App.—Houston [14th Dist.] 1991, no writ). A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d

62 (1965); *Langdale,* 813 S.W.2d at 190–91.

The law presumes that a trial court will hear a case only after proper notice to the party. *Delgado v. Hernandez,* 951 S.W.2d 97, 99 (Tex.App.—Corpus Christi 1997, no writ). To rebut this presumption, Appellant has the burden to affirmatively show a lack of notice by affidavit or other competent evidence. *Bruneio v. Bruneio,* 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ). In the instant case, the record shows that notice of a final hearing in this divorce proceeding was mailed to the wrong address. That a document was mailed creates a rebuttable presumption that it was received. *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex.1994). When Cay Marie filed an affidavit stating that she did not receive the notice, the presumption was rebutted. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987). The presumption of receipt is not evidence and vanishes when opposing evidence is introduced showing that the notice was not received. *Id.* Robert offered no evidence showing Cay Marie had notice of the trial setting.

Further, the trial court's notice in this case failed to comply with Rule 245 of the Texas Rules of Civil Procedure by giving Cay Marie forty-five days' notice of the final hearing. The "setting" for January 13, mailed on January 6, by the court, was ineffectual. *Hardin v. Hardin,* 932 S.W.2d 566, 567 (Tex.App.—Tyler, 1995 no writ). We conclude that Cay Marie did not have proper notice of the trial setting. Accordingly, we hold that the trial court abused its discretion when it denied Cay Marie a new trial. We sustain her issues two, three and four.

Because of our disposition of Appellant's issues two, three and four, it is not necessary to address her first issue. We *reverse* the judgment and *remand* the case to the trial court for a new trial.