MATTHEW A. TRAVIS V. SABRINA D. CORONADO 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-023-CV

MATTHEW A. TRAVIS APPELLANT

V.

SABRINA D. CORONADO APPELLEE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After being served with citation and a petition for divorce, Appellant Matthew A. Travis, who was not represented by counsel, filed a signed handwritten document stating, “Agree with d[i]vorce.”  More than two months later, on October 7, 2002, with no notice to Travis, the case was heard, and a divorce decree was entered.  The decree provided that Travis had “waived issuance and service of citation by waiver duly filed and did not otherwise appear.”  The decree also contained custody, possession, child support, and medical support provisions for the couple’s child.

Travis filed a verified motion for new trial on November 20, 2002, alleging in part that he “did not receive[] . . . notice of the signing of the judgment until more than twenty days after the signing and pursuant to Texas Rule of Civil Procedure 306a(4) file[d] this motion within the thirty days of learning of the judgment being signed.”  The trial court held a hearing and denied the motion.  Travis then brought this timely restricted appeal.
(footnote: 2)
 To directly attack the trial court's judgment, a restricted appeal must:  (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record.
(footnote: 3)
 In his second issue, Travis contends that the trial court erred by denying his motion for new trial, which was filed more than sixty days after the divorce decree was signed.  The face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal, including the reporter's record, as they existed in the trial court at the time the default judgment was entered.
(footnote: 4)  We do not consider anything not in the record at the time of the judgment.
(footnote: 5)  Appellant’s motion for new trial was not in the record at the time of the judgment; this issue is therefore not properly before us.
(footnote: 6)  We overrule Appellant’s second issue.

In his first issue, Appellant contends that the trial court erred by proceeding to trial without notice to Appellant, by finding that the document Appellant filed was a waiver, and by finding that Appellant did not otherwise appear.  We agree.  The document Appellant filed was not a waiver of citation.
(footnote: 7) The issue is whether it constitutes an answer for default judgment purposes.  We hold that it does.  

The United States Supreme Court directs us to hold pro se pleadings “to less stringent standards than formal pleadings drafted by lawyers.”
(footnote: 8)  Further, Texas law favors allowing liberal amendment of pleadings and giving litigants the chance to cure pleading defects whenever possible.
(footnote: 9)  On the other hand, Texas law abhors default judgments.  As the San Antonio Court of Appeals has pointed out,

Traditionally any sort of appearance will defeat a default.  Indeed, the courts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them.   This is proper because of the unfair outcome that can result from a default.

. . . . 

Default judgments are designed to promote efficiency in disposing of cases where the defendant shows no interest in the adjudication of the cause, either by failing to answer a lawsuit or appear for trial on the merits in the cause.

. . . . 

It makes sense that to grant a default judgment against a defendant where the defendant has attempted to acknowledge or dispute a pending lawsuit is inconsistent with the judicial goals default judgment seeks to further.  The furtherance of these goals justifies Texas courts' interpreting any kind of written response in such a way to elevate it to the level of an answer.

. . . . 

Texas courts are willing to bend over backward to call something that is not an answer an answer to prevent inequity or injustice in the context of a default judgment.
(footnote: 10)

The document Travis filed is dated after the date of the return of citation.  It contains the case number and style of the case, the statement, “Agree with d[i]vorce,” and Travis’s signature.  It is silent regarding all issues concerning the child.  We hold that this document constitutes an answer. 

When an answer has been filed, well-established law forbids entering a default judgment against a defendant who has received no notice of trial.
(footnote: 11) A trial court's failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be heard, resulting in a fundamental due process violation.
(footnote: 12)  If the respondent does not have notice of the trial setting as required by rule 245, the default judgment should be set aside.
(footnote: 13)
 The trial court’s docket sheet provides that a “Pro Se answer [was] filed” on August 1, 2002 and that Coronado completed the “Prove up” on October 7, 2002.  The docket sheet also contains an entry showing when the only other hearing in the case, the hearing on the motion for new trial, was set.  The docket sheet does not contain an entry showing that the prove-up hearing was set at least forty-five days in advance.  We take judicial notice of the fact that hearings for uncontested divorces are called “prove-ups” in this locale.
(footnote: 14)   “Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.”
(footnote: 15)  It is clear to this court that the trial court treated this case as an uncontested case for all purposes.  The trial court abused its discretion in doing so.  Because Travis indicated below that he agreed with the divorce, we affirm the divorce.  Because the trial court failed to give Travis notice of trial on the contested issues, we remand this case for trial on the division of community assets and liabilities and on all issues related to the child.  We do not reach Travis’s remaining issues.
(footnote: 16)

LEE ANN DAUPHINOT

JUSTICE

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

LIVINGSTON, J. concurred without opinion.

DELIVERED:  February 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 30; 
Clopton v. Pak
, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

3:
See Norman Communications v. Texas Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997); 
DSC Fin. Corp. v. Moffitt
, 815 S.W.2d 551, 551 (Tex. 1991); 
Flores v. Brimex Ltd
. 
P'ship
, 5 S.W.3d 816, 819 (Tex. App—San Antonio 1999, no pet.).

4:
Stankiewicz v. Oca
, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.); 
Laidlaw Waste Sys., Inc. v. Wallace
, 944 S.W.2d 72, 73 (Tex. App.—Waco 1997, writ denied); 
see In re E.K.N.
, 24 S.W.3d 586, 590-91 (Tex. App.—Fort Worth 2000, no pet.); 
see also General Elec. Co. v. Falcon Ridge Apartments
, 811 S.W.2d 942, 943 (Tex. 1991) (providing same requirement for former writ of error).

5:
Stankiewicz
, 991 S.W.2d at 311; 
see General Elec. Co.
, 811 S.W.2d at 943.

6:
See Stankiewicz
, 991 S.W.2d at 311.

7:
See
 
Tex. Fam. Code Ann.
 § 6.4035 (Vernon 1998) (providing requirements for waiver of citation).

8:
Haines v. Kerner
, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). 

9:
See County of Cameron v. Brown
, 80 S.W.3d 549, 559 (Tex. 2002); 
Polk v. Braddock
, 864 S.W.2d 78, 80 (Tex. App.—Dallas 1992, no writ).

10:
Hock v. Salaices
, 982 S.W.2d 591, 593-94 (Tex. App.—San Antonio 1998, no pet.).

11:
LBL Oil Co. v. Int’l Power Servs., Inc.
, 777 S.W.2d 390, 390-91 (Tex. 1989); 
Lopez v. Lopez
, 757 S.W.2d 721, 723 (Tex. 1988).

12:
Platt v. Platt
, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.). 

13:
Id.
 at 484; 
Tex. R. Civ. P. 
245.

14:
See
 
Tex. R. Evid.
 201(b)(1).

15:
Tex. R. Civ. P.
 245.

16:
See 
Tex. R. App. P.
 47.1.