# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00512-CV
NO. 03-05-00513-CV
NO. 03-05-00514-CV

**Patrick A. Jones, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NOS. 192,128-C, 191,478-B & 192,129-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Patrick A. Jones brings a restricted appeal attacking the trial court's judgments entered against him and in favor of the State in response to the State's petitions for forfeiture. Because there is error on the face of the record, we reverse the judgments and remand the causes to the trial court for further proceedings.

### Factual Background

In April and May 2002, the State filed three separate petitions seeking the seizure and forfeiture of $3,465.55 in cash, $2,500 in money orders, two automobiles, a cell phone, about ninety-four grams of crack cocaine, and several items of personal property belonging to Jones. The State

alleged that the items were contraband as defined by article 59.01 of the code of criminal procedure because they were used in the commission of a felony, were the proceeds of a felony, or were acquired with the proceeds of a felony. *See* Tex. Code Crim. Proc. Ann. arts. 59.01-.14 (West Supp. 2006). Early in these lawsuits, Jones, who has been incarcerated since sometime in 2002, was represented by counsel, who filed general denials on Jones's behalf in each suit. Jones also filed several pro se motions, asking to be given notice of any actions in the cases, and in March 2004, he sent the district clerk notice of his change of address, stating that he had been moved to a federal penitentiary in Beaumont, Texas.[1] In late October 2004, Jones's attorney filed a motion to withdraw, stating that Jones had become unreasonable in his demands, was incarcerated for a federal offense, and was unable to pay counsel. On November 12, the trial court allowed counsel to withdraw.

On November 22, 2004, a hearing was held on the State's petitions. Jones did not attend, and the trial court signed three judgments allowing the State to seize the property listed in the State's petitions. There was no further action in the causes until January 25, 2005, when the district clerk filed Jones's motions for continuance, motion to proceed as a pauper and for appointment of counsel, motion to be given notice of any rulings or dispositions, and motion to compel the State to file written responses to any motions or pleadings, as well as affidavits by Jones and his common-law wife, averring that they came to possess the property through legitimate means. These motions and filings, which refer to the forfeiture cases as if they were still pending, were not file-marked by the clerk's office until January 25, 2005, but all of them are dated November 20 and

---

[1] In two of the three causes, he also filed pro se answers and third party claims.

have fax-machine headings reflecting a date of November 22, 2004.**²** In his unsworn motion for continuance, Jones asked to have the November 22 hearing postponed for ninety days, stating that he received notice of the trial on November 19, 2004. He attached to his motion copies of the notices sent to him in prison, which are dated November 15, 2004, and state, "Take notice that the above entitled case has been set for **Non-Jury Trial, Monday, November 22, 2004** at **9:00** A.M."

On March 31, 2005, Jones filed notices of appeal with the district clerk's office, along with motions for leave to file an out-of-time appeal, stating that he did not learn of the judgments until 2005. In August, Jones filed an amended notice of appeal asking to have his appeal treated as a restricted appeal. Because Jones's motions for an out-of-time appeal do not satisfy rule 306a of the rules of civil procedure, we will consider his appeal as a restricted appeal.**³**

---

**²** The fax headings do not have phone numbers showing who sent or received them.

**³** If a party does not receive notice of a judgment within twenty days, post-judgment timetables begin to run on the day he gets notice, as long as that date falls within ninety days of the day the judgment was signed, if he files a sworn motion in the trial court stating the date he first got notice or obtained actual knowledge of the judgment. Tex. R. Civ. P. 306a. A proper and sworn 306a motion makes a prima facie case showing that there was no timely notice, which extends the trial court's "otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party" received notice. *In re The Lynd Co.*, No. 05-0432, 2006 Tex. LEXIS 547, at *6-7 (Tex. June 9, 2006). However, Jones's motions are not sworn or verified, do not include an unsworn declaration that an inmate may file in lieu of an affidavit, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (West 2006), and do not state the date on which he received notice, saying only that he received notice in "2005." *See Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365-66 (Tex. 1987) (record did not show that appellant proved that she had no notice or knowledge of the order within twenty days); *Carrera v. Marsh*, 847 S.W.2d 337, 343 (Tex. App.—El Paso 1993, no writ) (op. on reh'g) (unsworn 306a motion "failed to establish a *prima facie* showing of" late notice).

**Discussion**

On appeal, Jones asserts that the trial court violated his rights to due process and equal protection and abused its discretion when it conducted the November 22 trial without giving him adequate notice of the setting. He further contends that the trial court abused its discretion in not ruling on pretrial documents filed by Jones that "had a substantial direct effect on the actual trial." Because we find there was error on the face of the record as it relates to notice of the November 22 trial setting, we need not address Jones's issue related to his pretrial filings.

A party who did not participate in the hearing that resulted in the complained-of judgment and who did not timely file a post-judgment motion, request for findings of fact or conclusions of law, or notice of appeal, may appeal from the judgment by way of a restricted appeal filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c), 30; *Gold v. Gold*, 145 S.W.2d 212, 213 (Tex. 2004). A party attacking a judgment through a restricted appeal must show error apparent on the face of the record. *Gold*, 145 S.W.2d at 213.

Although Jones filed several pre-trial motions and pleadings, he did not participate in the November 22 trial.[4] *See* Tex. R. App. P. 30; *Mays v. Perkins*, 927 S.W.2d 222, 227 (Tex.

---

[4] In *Starks v. Texas Department of Criminal Justice*, the court of appeals held that an inmate "participated" in the hearing that led to the dismissal of his lawsuit. 153 S.W.3d 621, 625 (Tex. App.—Amarillo 2004, no pet.). The court held that Starks participated "by filing (1) a motion requesting a stay . . ., (2) a motion to consolidate his complaint with a complaint previously filed . . ., (3) a first 'supplemental' complaint, (4) an unsworn declaration of the status of a grievance he filed with the Texas Department of Criminal Justice, (5) an affidavit of previous filings, (6) an application to proceed *in forma pauperis*, (7) a certified copy of his inmate trust account, (8) an amended or substitute first supplemental complaint, and (9) seven witness statements, all filed before" his suit was dismissed. *Id*. Here, Jones also filed several motions, including a motion for continuance, and two affidavits in opposition of the State's petitions. However, those documents were not file-stamped by the district clerk's office until two months after the final judgments were

App.—Houston [1st Dist.] 1996, no writ) ("participation in the actual trial is a matter of degree . . . and should be construed liberally in favor of the right to appeal"). Jones's notice of appeal, filed March 31, was not timely, and his various motions filed by the clerk's office on January 25, although dated two days before the hearing, cannot be considered timely post-judgment motions under rule 30 of the rules of appellate procedure. *See* Tex. R. App. P. 30. Therefore, the only question that remains is whether there is error apparent on the face of the record. *See Gold*, 145 S.W.3d at 213.

The rules of civil procedure provide that a trial court may set contested cases for trial "with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." Tex. R. Civ. P. 245. A case previously set for trial may be reset with "any reasonable notice" or by the agreement of the parties. *Id*. If a defendant files an answer, he "is entitled to notice of the trial setting as a matter of due process." *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-86 (1988)); *see Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet). If a party does not get proper notice, he is deprived of his constitutional right to attend and participate in the hearing, which is a violation of fundamental due process. *Blanco*, 20 S.W.3d at 811; *Platt*, 991 S.W.2d at 483 (citing *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)).

---

signed. Further, in *Starks*, the lawsuit in question was brought by the prisoner, complaining of personal injuries under the Texas Tort Claims Act, and his suit was dismissed as frivolous less than one month after it was filed, before the defendants were served and without a hearing. *Id*. at 623. Here, the suit was filed against Jones by the State, the State obtained affirmative relief in the form of forfeiture of numerous items of Jones's property, and Jones expressed a desire to participate in and be notified of any proceedings.

The right to receive notice of a hearing or trial setting is so fundamental that if the record shows a lack of notice, this amounts to error on the face of the record. *See Blanco*, 20 S.W.3d at 811; *Transoceanic Shipping Co. v. General Univ. Sys., Inc.*, 961 S.W.2d 418, 419-20 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (record showed that counsel did not receive trial setting notice, thus there was error on face of record). However, to rebut the presumption that a trial court will only hear a case after giving the parties proper notice, an appellant must affirmatively show lack of notice by affidavit or other competent evidence. *Blanco*, 20 S.W.3d at 811 (notice was faxed nine days before hearing; even assuming faxed notice was proper, "the record affirmatively demonstrates that Blanco received less than the forty-five days mandated by Rule 245"); *Platt*, 991 S.W.2d at 484 (record showed that notice of final hearing was mailed to wrong address, which rebutted presumption of receipt of notice; further, notice mailed seven days before trial setting "failed to comply with Rule 245" and "was ineffectual"). *Cf. Barnes v. Barnes*, No. 03-01-00653-CV, 2002 Tex. App. LEXIS 6644, *6-7 (Tex. App.—Austin Sept. 12, 2002, no pet.) (no error on face of record when affidavit, which stated party did not receive notice, was not presented to trial court); *Butler v. Butler*, 808 S.W.2d 128, 128-29 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (no error on face of record when record is silent as to whether notice of hearing was mailed).

In this case, Jones's motion for continuance was not sworn or verified. However, he attached to his motion copies of the notices he received of the November 22 trial setting, and the State has not contested the correctness of those notices.[5] The notices are included in the clerk's record, and therefore are part of the appellate record. *See Norman Communications v. Texas*

---

[5] The State has not filed a brief in this case.

*Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The notices were sent to Jones in prison, are dated November 15, and inform him that a non-jury trial would be held on Monday, November 22. On their face, the notices give Jones at most seven days' notice, far less than the forty-five days required by rule 245 and not "reasonable" notice under the rules. *See* Tex. R. Civ. P. 245; *Blanco*, 20 S.W.3d at 811. Thus, the face of the record shows that Jones was not provided adequate notice of the November 22 setting. Because Jones did not receive proper notice of the trial, his constitutional rights were violated, *see Blanco*, 20 S.W.3d at 811; *Platt*, 991 S.W.2d at 483-84, and he is entitled to reversal of the trial court's November 22 judgments.

## Conclusion

Because we have found error on the face of the record due to a lack of proper notice, we reverse the trial court's judgments dated November 22, 2004, and remand the causes to the trial court for further proceedings.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: August 25, 2006

7