# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

NO. 03-05-00512-CV
NO. 03-05-00513-CV
NO. 03-05-00514-CV

**Patrick A. Jones, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NOS. 192,128-C, 191,478-B, & 192,129-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After we issued our opinion in these cases, the trial court, acting sua sponte, filed

supplemental clerk's records. Following that filing, the State filed a motion for rehearing.[1] Based

---

[1] The clerk's records were filed on August 5, 2005; Jones filed his brief on October 31, 2005; and our opinion issued on August 25, 2006. The State did not file an appellee's brief and never checked out the clerk's records to ensure their completeness. Not until the trial court, on its own motion, sent supplemental clerk's records did the State act, filing a motion for rehearing that addresses only one of Jones's two issues on appeal (due to our resolution of Jones's first issue on original submission, it was unnecessary for us to decide the second issue; now that the record has been supplemented, however, we must consider both issues). We recognize that State attorneys often carry heavy caseloads and that there are frequent changes in State personnel, but this delayed and partial participation is neglectful of the State's duty to defend such appeals, wastes valuable judicial resources, and has lengthened the time these cases lingered on this Court's docket. We dismiss the State's motion for rehearing and instead decide these causes on our own motion, considering the supplemental records.

on documents included in the supplemental clerk's records, we withdraw our opinion and judgment dated August 25, 2006, and substitute this opinion in its place.[2] When we consider the supplemental records filed by the trial court, there is no error on the face of the record. Therefore, we affirm the trial court's judgments.

## Factual Background

In April and May 2002, the State filed three separate petitions seeking the seizure and forfeiture of $3,465.55 in cash, $2,500 in money orders, two automobiles, a cell phone, about ninety-four grams of crack cocaine, and several items of personal property belonging to appellant Patrick A. Jones. The State alleged that the items were contraband as defined by article 59.01 of the code of criminal procedure because they were used in the commission of a felony, were the proceeds of a felony, or were acquired with the proceeds of a felony. *See* Tex. Code Crim. Proc. Ann. arts. 59.01-.14 (West 2006). Jones, who has been incarcerated since sometime in 2002, was initially represented by counsel, who filed general denials in each suit. Jones also filed several pro se motions and asked to be given notice of any actions in the cases. In March 2004, he sent the district clerk notice that he had been moved to a prison in Beaumont, Texas.[3] On July 23, 2004, the district

---

[2] Although the supplemental records were filed after this Court's opinion issued, the rules of appellate procedure do not bar such after-the-fact supplementation. Instead, the clerk's record may be supplemented at the request of either party, the appellate court, or the trial court, and "[a]ny supplemental clerk's record will be part of the appellate record." Tex. R. App. P. 34.5(c)(1), (3). The supplemental records having been ordered by the trial court, we will not choose to disregard them. *See Reynolds v. Murphy*, 188 S.W.3d 252, 256 n.1 (Tex. App.—Fort Worth 2006, pet. denied) (op. on reh'g) ("We have considerable discretion in determining whether to file this [post-opinion, supplemental] record.").

[3] In two of the three causes, he also filed pro se answers and third-party claims.

2

clerk sent Jones and his attorney notice that the cases were set for a bench trial on October 25, 2004. Those notices were sent via certified mail to Jones at the Beaumont address he provided, and the record contains copies of the postal receipts proving that the notices were received by the prison. The causes were reset for a bench trial to begin on November 22, 2004, and on October 14, the district clerk sent notice of the new trial date to both Jones and his attorney; the October 14 notices were sent to the same Beaumont address provided by Jones and used by the district clerk to send Jones the earlier notice of the original October trial setting.

In late October 2004, Jones's attorney filed a motion to withdraw, stating that Jones had become unreasonable in his demands, was incarcerated for a federal offense, and was unable to pay counsel.[4] A hearing on the motion was set for November 12, 2004, and the trial court granted counsel's motion to withdraw on November 12. On November 22, a bench trial was held on the State's petitions. Jones did not attend, and the trial court signed three judgments allowing the State to seize the property listed in the State's petitions.

There was no further action in the causes until January 25, 2005, when the district clerk filed Jones's motion for continuance, motion to proceed as a pauper and for appointment of counsel, motion to be given notice of any rulings or dispositions, and motion to compel the State to file written responses to any motions or pleadings, as well as affidavits by Jones and his common-law wife, averring that they came to possess the property through legitimate means. These motions and filings, which refer to the forfeiture cases as if they were still pending, were not file-marked by

---

[4] Counsel's motion to withdraw states that a copy was sent to the State's attorney, but does not recite that it was sent to Jones. Further, the district clerk sent notice of the hearing on the motion to withdraw only to Jones's attorney and the State's attorney; this notice was not sent to Jones.

the clerk's office until January 25, 2005, but all of them are dated November 20 and have fax-machine headings reflecting a date of November 22, 2004.[5] In his unsworn motion for continuance, Jones asked to have the November 22 hearing postponed for ninety days, stating that he did not receive notice of the trial until November 19, 2004.

On March 31, 2005, Jones filed notices of appeal with the district clerk's office, along with motions for leave to file an out-of-time appeal, stating that he did not learn of the judgments until 2005. In August, Jones filed an amended notice of appeal asking to have his appeal treated as a restricted appeal. Because Jones's motions for an out-of-time appeal do not satisfy rule 306a of the rules of civil procedure, we will consider his appeal as a restricted appeal.[6]

---

[5] The fax headings do not have phone numbers showing who sent or received them, but Jones's fax cover sheet has the following handwritten notation on it: "copy sent to N. Barnes 11/22/04 dr"; "N. Barnes" is a reference to the State's attorney, but the record does not explain the meaning of "dr." The district clerk has informed us that, "[d]ue to our procedures, we know that these documents were not faxed to the District Clerk, but in fact were hand delivered to the front counter and file marked on the date received by the District Clerk."

[6] If a party does not receive notice of a judgment within twenty days, postjudgment timetables begin to run on the day he gets notice, as long as that date falls within ninety days of the judgment's signing, if he files a sworn motion stating the date he first got notice or obtained actual knowledge of the judgment. Tex. R. Civ. P. 306a(4), (5). A proper 306a motion makes a prima facie case showing that there was no timely notice, which "invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party" received notice. *In re The Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006). Although Jones asserts that he did not receive timely notice of the trial court's judgments, his motions are not sworn or verified, do not include an unsworn declaration that an inmate may file in lieu of an affidavit, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (West 2005), and do not state the date on which he received notice, saying only that he received notice in "2005." *See Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365-66 (Tex. 1987) (appellant did not prove that she had no notice or knowledge of order within twenty days); *Carrera v. Marsh*, 847 S.W.2d 337, 343 (Tex. App.—El Paso 1993, no writ) (op. on reh'g) (unsworn 306a motion "failed to establish a *prima facie* showing of" late notice).

**Discussion**

On appeal, Jones asserts that the trial court violated his rights to due process and equal protection and abused its discretion when it conducted the November 22 trial without giving him adequate notice of the setting. He further contends that the trial court abused its discretion in not ruling on his pretrial documents, which "had a substantial direct effect on the actual trial."

A party who did not participate in the hearing that resulted in the complained-of judgment and who did not timely file a postjudgment motion, request for findings of fact or conclusions of law, or notice of appeal, may appeal from the judgment by way of a restricted appeal filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c), 30; *Gold v. Gold*, 145 S.W.2d 212, 213 (Tex. 2004). A party attacking a judgment through a restricted appeal must show error apparent on the face of the record. *Gold*, 145 S.W.2d at 213.

Although Jones filed several pretrial motions and pleadings, he did not participate in the November 22 trial. *See* Tex. R. App. P. 30; *Mays v. Perkins*, 927 S.W.2d 222, 227 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("participation in the actual trial is a matter of degree . . . and should be construed liberally in favor of the right to appeal"); *see also Barnes v. Barnes*, No. 03-01-00653-CV, 2002 Tex. App. LEXIS 6644, at *7-10 (Tex. App.—Austin Sept. 12, 2002, no pet.) (not designated for publication) (holding that "participation at trial" means participation in "decision-making event" that results in judgment or order from which appeal is brought). Jones's notice of appeal, filed March 31, was untimely, and his various motions, filed on January 25 but dated two days before the hearing, cannot be considered timely postjudgment motions under rule 30 of the rules of appellate procedure. *See* Tex. R. App. P. 30. Therefore, the only

question that remains is whether there is error on the face of the record. *See Gold*, 145 S.W.3d at 213.

### Did Jones Receive Adequate Notice?

In his first issue, Jones complains that he did not receive proper and adequate notice of the November 22 trial setting. The rules of civil procedure provide that a trial court may set contested cases for trial "with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." Tex. R. Civ. P. 245. A case previously set for trial may be reset with "any reasonable notice" or by the agreement of the parties. *Id*. If a defendant files an answer, he "is entitled to notice of the trial setting as a matter of due process." *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-86 (1988)); *see Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.). If a party does not get proper notice, he is deprived of his constitutional right to attend and participate in the hearing, which is a violation of fundamental due process. *Blanco*, 20 S.W.3d at 811; *Platt*, 991 S.W.2d at 483 (citing *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)).

The right to receive notice of a hearing or trial setting is so fundamental that if the record shows a lack of notice, this amounts to error on the face of the record. *See Blanco*, 20 S.W.3d at 811; *Transoceanic Shipping Co. v. General Univ. Sys., Inc.*, 961 S.W.2d 418, 419-20 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (record showed that counsel did not receive trial-setting notice, thus there was error on face of record). However, to rebut the presumption that a trial court will only hear a case after giving the parties proper notice, an appellant must affirmatively show lack of notice by affidavit or other competent evidence. *Blanco*, 20 S.W.3d at 811 (notice was faxed nine days before hearing; even assuming faxed notice was proper, "record affirmatively

6

demonstrates that Blanco received less than the forty-five days mandated by Rule 245"); *Platt*, 991 S.W.2d at 484 (record showed that notice of final hearing was mailed to wrong address, which rebutted presumption of receipt of notice; further, notice mailed seven days before trial setting "failed to comply with Rule 245" and "was ineffectual"); *cf. Barnes*, 2002 Tex. App. LEXIS 6644, at *6-7 (no error on face of record existed when affidavit, which stated party did not receive notice, was not presented to trial court); *Butler v. Butler*, 808 S.W.2d 128, 129 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (no error on face of record existed when record is silent as to whether notice of hearing was mailed).

Jones attached to his motion for continuance a copy of the November 15 notice he received of the November 22 trial setting. On its face, this notice gave Jones at most seven days' notice, far less than the forty-five days required for a first setting by rule 245. *See* Tex. R. Civ. P. 245; *Blanco*, 20 S.W.3d at 811. However, this was a re-setting and each of the supplemental records contain an additional notice of the November 22 hearing, dated October 14 and sent to Jones at the same address to which the clerk sent the July 23 notice, for which there is a green return receipt, and the November 15 notice, which Jones agrees he received. Although Jones states that he does not recall receiving the October 14 notices and questions how they "magically appear[ed]," the record does not show any irregularity associated with these notices. The trial court's order, which asks the district clerk to supplement the record with all the court's setting notices, directs the clerk, in future appeals for which there is no stipulation as to what should be included, to include the entire record. It is not unusual for a clerk's record to omit certain documents deemed unimportant to the appeal, and it appears that this is what occurred in these cases. The clerk's office, not knowing the substance of Jones's complaints, opted to include only the documents obviously relevant—the live pleadings,

7

Jones's motions, the filings associated with Jones's attorney's withdrawal, and the judgment. The original volumes of record do not include any notices of trial settings or hearings; those were included only through Jones's filings on appeal and in the supplemental records. The record shows that the trial court provided Jones and his attorney more than forty-five days notice of the October 25 trial setting, *see* Tex. R. Civ. P. 245, and that Jones was mailed notice of the rescheduled November 22 trial setting on October 14, giving him thirty-nine days notice. The October 14 notice was, as we have observed, mailed to the same address provided by Jones and at which Jones received several other notices. Although Jones states in his response on rehearing that he "has no recollection of receiving" the October 14 notice, there is no evidence in the record to show that he did not receive that notice or to rebut the presumption that the trial court's recitation of notice was correct. *See Butler*, 808 S.W.2d at 129. Thus, the face of the record does not reflect reversible error in the notice provided to Jones.

### *Failure to Rule on Jones's Motions*

In his second issue, Jones contends that the trial court abused its discretion in failing to rule on his pretrial documents, which "had a substantial direct effect on the actual trial." He further complains that the trial court showed that it was biased against him by its failure to rule on his motions and its failure to give him adequate notice of the trial setting. Jones alleges that he was set up by the Killeen police, that he was not guilty of the crimes of which he was convicted, and that he should have been appointed counsel due to the complexity of the issues presented.

Generally, a party in a civil case does not have a right to appointed counsel. As stated by our sister court,

> [w]hile a district judge has the discretion to appoint counsel for an indigent party in a civil case, the Texas Supreme Court has never recognized a right to counsel in civil cases. The supreme court noted, however, "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." [Appellant] has afforded us no argument supporting a finding that his case represents such an exception.

*Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 341 (Tex. App.—Corpus Christi 1997, no pet.) (internal citations omitted) (quoting *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)). Jones, who had counsel until approximately one month before trial, has not shown that this case raised issues of such an exceptional nature that it was an abuse of discretion for the trial court to fail to appoint counsel.

The pretrial motions on file at the time of the trial were Jones's motion to stay, in which he recited that there were various motions and cross-claims pending and asked the trial court to stay the forfeiture proceedings or, alternatively, "[o]rder that a[n] Evidentiary Hearing be held to determine the merit of the" State's petitions; his motion for summary judgment, or alternatively, to dismiss, in which he argued that his arrest arose out of an illegal search and seizure, that he did not receive proper service of process in the forfeiture proceeding, that he had been harmed by the State's delay in pursuing the forfeiture, and that the State was relying on improper statutory authority and made overbroad and unsupported claims; and a letter titled, "Judicial Notice," in which Jones again requested a dismissal of the cases. Jones also filed an "answer and third-party claim in reconvention," in which he alleged that the arresting officers had fraudulently obtained the search warrant and had conspired to unlawfully search Jones and seize his property.

All these documents were filed while Jones was represented by counsel. Although "hybrid" representation, meaning allowing a litigant to both represent himself and avail himself of

9

an attorney's assistance, is not prohibited, nor is there an absolute right to proceed both pro se and with an attorney's help. *See Smith v. Smith*, 22 S.W.3d 140, 152-53 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Scarbrough v. State*, 777 S.W.2d 83, 92-93 (Tex. Crim. App. 1989) (in criminal case, accused has no right to standby counsel or hybrid representation; if accused "indicates he would prefer what actually amounts to hybrid representation, the trial court should decide at the earliest practicable moment whether to allow it, and if not, should inform the accused he must choose instead between two mutually exclusive rights—the right to self representation or to representation by counsel—and that there is no 'middle ground'"). Thus, the trial court was not obligated to respond to Jones's pro se motions while he was represented by counsel, although it might be a better practice to notify Jones of the hybrid-representation problem. Further, in his motion to stay, Jones asked to have the proceedings stayed or, alternatively, for an evidentiary hearing. That is precisely what the bench trial was—a trial on the evidentiary merits of the State's forfeiture petitions. Finally, the trial court, in rendering judgment in favor of the State, implicitly overruled Jones's cross-claim, motion for summary judgment, and motions to dismiss. Jones does not complain that the State failed to present evidence to support the trial court's judgment, and through his complaints related to his pretrial motions and pleadings, he has not shown that the trial court's failure to explicitly overrule his motions amounts to error on the face of the record.

## Conclusion

Jones has not shown that the trial court's failure to rule on his pretrial motions amounted to error on the face of the record. Based on the supplemental records ordered by the trial

10

court, we cannot hold that the face of the record establishes that Jones did not receive adequate notice of the November 22 trial.  Thus, we affirm the trial court's judgments.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and B. A. Smith*

Affirmed on Motion for Rehearing

Filed:   May 11, 2007

* Before B. A. Smith, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).