TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




ON MOTION FOR REHEARING








NO. 03-05-00512-CV

NO. 03-05-00513-CV

NO. 03-05-00514-CV





Patrick A. Jones, Appellant


v.


State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NOS. 192,128-C, 191,478-B, & 192,129-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 After we issued our opinion in these cases, the trial court, acting sua sponte, filed
supplemental clerk's records. Following that filing, the State filed a motion for rehearing. (1) Based
on documents included in the supplemental clerk's records, we withdraw our opinion and judgment
dated August 25, 2006, and substitute this opinion in its place. (2) When we consider the supplemental
records filed by the trial court, there is no error on the face of the record. Therefore, we affirm the
trial court's judgments.


Factual Background

 In April and May 2002, the State filed three separate petitions seeking the seizure and
forfeiture of $3,465.55 in cash, $2,500 in money orders, two automobiles, a cell phone, about ninety-four grams of crack cocaine, and several items of personal property belonging to appellant Patrick
A. Jones. The State alleged that the items were contraband as defined by article 59.01 of the code
of criminal procedure because they were used in the commission of a felony, were the proceeds of
a felony, or were acquired with the proceeds of a felony. See Tex. Code Crim. Proc. Ann. arts.
59.01-.14 (West 2006). Jones, who has been incarcerated since sometime in 2002, was initially
represented by counsel, who filed general denials in each suit. Jones also filed several pro se
motions and asked to be given notice of any actions in the cases. In March 2004, he sent the district
clerk notice that he had been moved to a prison in Beaumont, Texas. (3) On July 23, 2004, the district
clerk sent Jones and his attorney notice that the cases were set for a bench trial on October 25, 2004. 
Those notices were sent via certified mail to Jones at the Beaumont address he provided, and the
record contains copies of the postal receipts proving that the notices were received by the prison. 
The causes were reset for a bench trial to begin on November 22, 2004, and on October 14, the
district clerk sent notice of the new trial date to both Jones and his attorney; the October 14 notices
were sent to the same Beaumont address provided by Jones and used by the district clerk to send
Jones the earlier notice of the original October trial setting.

 In late October 2004, Jones's attorney filed a motion to withdraw, stating that Jones
had become unreasonable in his demands, was incarcerated for a federal offense, and was unable to
pay counsel. (4) A hearing on the motion was set for November 12, 2004, and the trial court granted
counsel's motion to withdraw on November 12. On November 22, a bench trial was held on the
State's petitions. Jones did not attend, and the trial court signed three judgments allowing the State
to seize the property listed in the State's petitions. 

 There was no further action in the causes until January 25, 2005, when the district
clerk filed Jones's motion for continuance, motion to proceed as a pauper and for appointment of
counsel, motion to be given notice of any rulings or dispositions, and motion to compel the State to
file written responses to any motions or pleadings, as well as affidavits by Jones and his common-law wife, averring that they came to possess the property through legitimate means. These motions
and filings, which refer to the forfeiture cases as if they were still pending, were not file-marked by
the clerk's office until January 25, 2005, but all of them are dated November 20 and have fax-machine headings reflecting a date of November 22, 2004. (5) In his unsworn motion for continuance,
Jones asked to have the November 22 hearing postponed for ninety days, stating that he did not
receive notice of the trial until November 19, 2004. 

 On March 31, 2005, Jones filed notices of appeal with the district clerk's office, along
with motions for leave to file an out-of-time appeal, stating that he did not learn of the judgments
until 2005. In August, Jones filed an amended notice of appeal asking to have his appeal treated as
a restricted appeal. Because Jones's motions for an out-of-time appeal do not satisfy rule 306a of
the rules of civil procedure, we will consider his appeal as a restricted appeal. (6)


Discussion

 On appeal, Jones asserts that the trial court violated his rights to due process and
equal protection and abused its discretion when it conducted the November 22 trial without giving
him adequate notice of the setting. He further contends that the trial court abused its discretion in
not ruling on his pretrial documents, which "had a substantial direct effect on the actual trial." 

 A party who did not participate in the hearing that resulted in the complained-of
judgment and who did not timely file a postjudgment motion, request for findings of fact or
conclusions of law, or notice of appeal, may appeal from the judgment by way of a restricted appeal
filed within six months after the judgment is signed. Tex. R. App. P. 26.1(c), 30; Gold v. Gold,
145 S.W.2d 212, 213 (Tex. 2004). A party attacking a judgment through a restricted appeal must
show error apparent on the face of the record. Gold, 145 S.W.2d at 213. 

 Although Jones filed several pretrial motions and pleadings, he did not participate in
the November 22 trial. See Tex. R. App. P. 30; Mays v. Perkins, 927 S.W.2d
222, 227 (Tex. App.--Houston [1st Dist.] 1996, no writ) ("participation in the actual trial is a matter
of degree . . . and should be construed liberally in favor of the right to appeal"); see also Barnes v.
Barnes, No. 03-01-00653-CV, 2002 Tex. App. LEXIS 6644, at *7-10 (Tex. App.--Austin
Sept. 12, 2002, no pet.) (not designated for publication) (holding that "participation at trial" means
participation in "decision-making event" that results in judgment or order from which appeal is
brought). Jones's notice of appeal, filed March 31, was untimely, and his various motions, filed on
January 25 but dated two days before the hearing, cannot be considered timely postjudgment motions
under rule 30 of the rules of appellate procedure. See Tex. R. App. P. 30. Therefore, the only
question that remains is whether there is error on the face of the record. See Gold, 145 S.W.3d at 213.



Did Jones Receive Adequate Notice?

 In his first issue, Jones complains that he did not receive proper and adequate notice
of the November 22 trial setting. The rules of civil procedure provide that a trial court may set
contested cases for trial "with reasonable notice of not less than forty-five days to the parties of a first
setting for trial, or by agreement of the parties." Tex. R. Civ. P. 245. A case previously set for trial
may be reset with "any reasonable notice" or by the agreement of the parties. Id. If a defendant files
an answer, he "is entitled to notice of the trial setting as a matter of due process." Platt v. Platt,
991 S.W.2d 481, 483 (Tex. App.--Tyler 1999, no pet.) (citing Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80, 84-86 (1988)); see Blanco v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.--El Paso 2000,
no pet.). If a party does not get proper notice, he is deprived of his constitutional right to attend and
participate in the hearing, which is a violation of fundamental due process. Blanco, 20 S.W.3d at
811; Platt, 991 S.W.2d at 483 (citing Armstrong v. Manzo, 380 U.S. 545, 550 (1965)). 

 The right to receive notice of a hearing or trial setting is so fundamental that if the
record shows a lack of notice, this amounts to error on the face of the record. See Blanco, 20 S.W.3d
at 811; Transoceanic Shipping Co. v. General Univ. Sys., Inc., 961 S.W.2d 418, 419-20
(Tex. App.--Houston [1st Dist.] 1997, no pet.) (record showed that counsel did not receive trial-setting notice, thus there was error on face of record). However, to rebut the presumption that a trial
court will only hear a case after giving the parties proper notice, an appellant must affirmatively
show lack of notice by affidavit or other competent evidence. Blanco, 20 S.W.3d at 811 (notice was
faxed nine days before hearing; even assuming faxed notice was proper, "record affirmatively
demonstrates that Blanco received less than the forty-five days mandated by Rule 245"); Platt,
991 S.W.2d at 484 (record showed that notice of final hearing was mailed to wrong address, which
rebutted presumption of receipt of notice; further, notice mailed seven days before trial setting
"failed to comply with Rule 245" and "was ineffectual"); cf. Barnes, 2002 Tex. App. LEXIS 6644,
at *6-7 (no error on face of record existed when affidavit, which stated party did not receive notice,
was not presented to trial court); Butler v. Butler, 808 S.W.2d 128, 129 (Tex. App.--Houston
[1st Dist.] 1991, writ denied) (no error on face of record existed when record is silent as to whether
notice of hearing was mailed).

 Jones attached to his motion for continuance a copy of the November 15 notice he
received of the November 22 trial setting. On its face, this notice gave Jones at most seven days'
notice, far less than the forty-five days required for a first setting by rule 245. See Tex. R. Civ. P.
245; Blanco, 20 S.W.3d at 811. However, this was a re-setting and each of the supplemental records
contain an additional notice of the November 22 hearing, dated October 14 and sent to Jones at the
same address to which the clerk sent the July 23 notice, for which there is a green return receipt, and
the November 15 notice, which Jones agrees he received. Although Jones states that he does not
recall receiving the October 14 notices and questions how they "magically appear[ed]," the record
does not show any irregularity associated with these notices. The trial court's order, which asks the
district clerk to supplement the record with all the court's setting notices, directs the clerk, in future
appeals for which there is no stipulation as to what should be included, to include the entire record. 
It is not unusual for a clerk's record to omit certain documents deemed unimportant to the appeal,
and it appears that this is what occurred in these cases. The clerk's office, not knowing the substance
of Jones's complaints, opted to include only the documents obviously relevant--the live pleadings,
Jones's motions, the filings associated with Jones's attorney's withdrawal, and the judgment. The
original volumes of record do not include any notices of trial settings or hearings; those were
included only through Jones's filings on appeal and in the supplemental records. The record shows
that the trial court provided Jones and his attorney more than forty-five days notice of the October
25 trial setting, see Tex. R. Civ. P. 245, and that Jones was mailed notice of the rescheduled
November 22 trial setting on October 14, giving him thirty-nine days notice. The October 14 notice
was, as we have observed, mailed to the same address provided by Jones and at which Jones received
several other notices. Although Jones states in his response on rehearing that he "has no recollection
of receiving" the October 14 notice, there is no evidence in the record to show that he did not receive
that notice or to rebut the presumption that the trial court's recitation of notice was correct. See
Butler, 808 S.W.2d at 129. Thus, the face of the record does not reflect reversible error in the notice
provided to Jones.


Failure to Rule on Jones's Motions

 In his second issue, Jones contends that the trial court abused its discretion in failing
to rule on his pretrial documents, which "had a substantial direct effect on the actual trial." He
further complains that the trial court showed that it was biased against him by its failure to rule on
his motions and its failure to give him adequate notice of the trial setting. Jones alleges that he was
set up by the Killeen police, that he was not guilty of the crimes of which he was convicted, and that
he should have been appointed counsel due to the complexity of the issues presented. 

 Generally, a party in a civil case does not have a right to appointed counsel. As stated
by our sister court, 


[w]hile a district judge has the discretion to appoint counsel for an indigent party in
a civil case, the Texas Supreme Court has never recognized a right to counsel in civil
cases. The supreme court noted, however, "in some exceptional cases, the public and
private interests at stake are such that the administration of justice may best be served
by appointing a lawyer to represent an indigent civil litigant." [Appellant] has
afforded us no argument supporting a finding that his case represents such an
exception. 

Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 341 (Tex. App.--Corpus Christi 1997, no pet.)
(internal citations omitted) (quoting Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594
(Tex. 1996)). Jones, who had counsel until approximately one month before trial, has not shown that
this case raised issues of such an exceptional nature that it was an abuse of discretion for the trial
court to fail to appoint counsel.

 The pretrial motions on file at the time of the trial were Jones's motion to stay, in
which he recited that there were various motions and cross-claims pending and asked the trial court
to stay the forfeiture proceedings or, alternatively, "[o]rder that a[n] Evidentiary Hearing be held to
determine the merit of the" State's petitions; his motion for summary judgment, or alternatively,
to dismiss, in which he argued that his arrest arose out of an illegal search and seizure, that he did
not receive proper service of process in the forfeiture proceeding, that he had been harmed by the
State's delay in pursuing the forfeiture, and that the State was relying on improper statutory authority
and made overbroad and unsupported claims; and a letter titled, "Judicial Notice," in which Jones
again requested a dismissal of the cases. Jones also filed an "answer and third-party claim in
reconvention," in which he alleged that the arresting officers had fraudulently obtained the search
warrant and had conspired to unlawfully search Jones and seize his property. 

 All these documents were filed while Jones was represented by counsel. Although
"hybrid" representation, meaning allowing a litigant to both represent himself and avail himself of
an attorney's assistance, is not prohibited, nor is there an absolute right to proceed both pro se and
with an attorney's help. See Smith v. Smith, 22 S.W.3d 140, 152-53 (Tex. App.--Houston
[14th Dist.] 2000, no pet.); see also Scarbrough v. State, 777 S.W.2d 83, 92-93 (Tex. Crim.
App. 1989) (in criminal case, accused has no right to standby counsel or hybrid representation; if
accused "indicates he would prefer what actually amounts to hybrid representation, the trial court
should decide at the earliest practicable moment whether to allow it, and if not, should inform the
accused he must choose instead between two mutually exclusive rights--the right to self
representation or to representation by counsel--and that there is no 'middle ground'"). Thus, the
trial court was not obligated to respond to Jones's pro se motions while he was represented by
counsel, although it might be a better practice to notify Jones of the hybrid-representation problem. 
Further, in his motion to stay, Jones asked to have the proceedings stayed or, alternatively, for an
evidentiary hearing. That is precisely what the bench trial was--a trial on the evidentiary merits of
the State's forfeiture petitions. Finally, the trial court, in rendering judgment in favor of the State,
implicitly overruled Jones's cross-claim, motion for summary judgment, and motions to dismiss. 
Jones does not complain that the State failed to present evidence to support the trial court's
judgment, and through his complaints related to his pretrial motions and pleadings, he has not shown
that the trial court's failure to explicitly overrule his motions amounts to error on the
face of the record. 

Conclusion

 Jones has not shown that the trial court's failure to rule on his pretrial motions
amounted to error on the face of the record. Based on the supplemental records ordered by the trial
court, we cannot hold that the face of the record establishes that Jones did not receive adequate
notice of the November 22 trial. Thus, we affirm the trial court's judgments. 



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and B. A. Smith*

Affirmed on Motion for Rehearing

Filed: May 11, 2007






















* Before B. A. Smith, Senior Justice (retired), Third Court of Appeals, sitting by assignment. See 
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The clerk's records were filed on August 5, 2005; Jones filed his brief on October 31, 2005;
and our opinion issued on August 25, 2006. The State did not file an appellee's brief and never
checked out the clerk's records to ensure their completeness. Not until the trial court, on its own
motion, sent supplemental clerk's records did the State act, filing a motion for rehearing that
addresses only one of Jones's two issues on appeal (due to our resolution of Jones's first issue on
original submission, it was unnecessary for us to decide the second issue; now that the record has
been supplemented, however, we must consider both issues). We recognize that State attorneys
often carry heavy caseloads and that there are frequent changes in State personnel, but this delayed
and partial participation is neglectful of the State's duty to defend such appeals, wastes valuable
judicial resources, and has lengthened the time these cases lingered on this Court's docket. We
dismiss the State's motion for rehearing and instead decide these causes on our own motion,
considering the supplemental records.
2. Although the supplemental records were filed after this Court's opinion issued, the rules
of appellate procedure do not bar such after-the-fact supplementation. Instead, the clerk's record
may be supplemented at the request of either party, the appellate court, or the trial court, and "[a]ny
supplemental clerk's record will be part of the appellate record." Tex. R. App. P. 34.5(c)(1), (3). 
The supplemental records having been ordered by the trial court, we will not choose to disregard
them. See Reynolds v. Murphy, 188 S.W.3d 252, 256 n.1 (Tex. App.--Fort Worth 2006, pet. denied)
(op. on reh'g) ("We have considerable discretion in determining whether to file this [post-opinion,
supplemental] record.").
3. In two of the three causes, he also filed pro se answers and third-party claims.
4. Counsel's motion to withdraw states that a copy was sent to the State's attorney, but does
not recite that it was sent to Jones. Further, the district clerk sent notice of the hearing on the motion
to withdraw only to Jones's attorney and the State's attorney; this notice was not sent to Jones.
5. The fax headings do not have phone numbers showing who sent or received them, but
Jones's fax cover sheet has the following handwritten notation on it: "copy sent to N. Barnes
11/22/04 dr"; "N. Barnes" is a reference to the State's attorney, but the record does not explain the
meaning of "dr." The district clerk has informed us that, "[d]ue to our procedures, we know that
these documents were not faxed to the District Clerk, but in fact were hand delivered to the front
counter and file marked on the date received by the District Clerk."
6. If a party does not receive notice of a judgment within twenty days, postjudgment
timetables begin to run on the day he gets notice, as long as that date falls within ninety days of the
judgment's signing, if he files a sworn motion stating the date he first got notice or obtained actual
knowledge of the judgment. Tex. R. Civ. P. 306a(4), (5). A proper 306a motion makes a prima
facie case showing that there was no timely notice, which "invokes a trial court's otherwise-expired
jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which
the party" received notice. In re The Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006). Although Jones
asserts that he did not receive timely notice of the trial court's judgments, his motions are not sworn
or verified, do not include an unsworn declaration that an inmate may file in lieu of an affidavit, see
Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (West 2005), and do not state the date on which
he received notice, saying only that he received notice in "2005." See Memorial Hosp. v. Gillis,
741 S.W.2d 364, 365-66 (Tex. 1987) (appellant did not prove that she had no notice or knowledge
of order within twenty days); Carrera v. Marsh, 847 S.W.2d 337, 343 (Tex. App.--El Paso
1993, no writ) (op. on reh'g) (unsworn 306a motion "failed to establish a prima facie showing of"
late notice).